**UNITED STATES of America,
Plaintiff,**

v.

**Robert ELKINS et al., Defendants.**

**No. CR 74–1828.**

United States District Court,
C. D. California.

May 22, 1975.

William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Chief, Crim. Div., Barbara A. Meiers, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Roger J. Diamond, Hecht & Diamond, Pacific Palisades, Cal., for defendants Robert Elkins and Howard K. Cohen.

Refold & Steiniger, Encino, Cal., for defendants Daniel Goldblum, also known as Danny Gold, and Richard J. Aronson.

Elliot J. Abelson, Lappen, Abelson & Harris, Beverly Hills, Cal., for defendant Stephen R. Ginsburg.

Pizante & Gregg, Beverly Hills, Cal., for defendant Angelo Giudice.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL.

CRARY, District Judge.

The Indictment in the within action was filed in the Northern District of

Iowa and charges the defendants with conspiracy to cause to be delivered by mail certain nonmailable, obscene and lewd advertisements, motion picture films, and information as to the obtaining of said material, and using common carriers to carry said material in interstate commerce, in violation of Sections 1461 and 1462, Title 18, United States Code.

The case was transferred to this District from the Northern District of Iowa by order for change of venue for the convenience of parties and witnesses. After ruling that the contemporary standards, as to obscenity, of the Northern District of Iowa, the area of the distribution of the material, should be applied, the Iowa Court concluded that under Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), "it is not necessary to the application of community standards found in northwest Iowa that trial be had in this District. In Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (June 24, 1974), the Court said that simply because a trial is held in a certain District, it does not follow that the trial 'Court would not be at liberty to admit evidence of standards existing in some place outside of [the trial] district, if it felt such evidence would assist the jury in the resolution of the issues which they [must] decide.' Thus under Miller it is not necessary that the relevant community standards be applied by a jury from the same community. Upon motion by the prosecution, evidence may be received in the Central District of California as to the contemporary community standards of the affected areas of Iowa. This avoids the problem which would arise were defendants only to be judged according to the standards of the place of trial."

 The Government opposed the defendants' motion for change of venue, and prior to trial in this District moved for an evidentiary ruling as to whether the contemporary community standards in the Northern District of Iowa, as opposed to the standards in this District, would be the standards applied in the trial of the case. By written order filed May 19, 1975, this Court ruled that only evidence as to the contemporary community standards for the Northern District of Iowa would be admitted as to this issue. It was further ordered that the Iowa community standards could not be proven solely by expert testimony, since expert testimony is admissible only to assist a jury in determining standards outside the District of trial.

The Court concludes that an attempt by the Government to prove its case in this forum solely by expert testimony would not provide a proper basis on which the jury could determine the obscenity of the materials in the case at bar because of the special and integral part that the knowledge of a juror of the community from which he comes plays in deciding what conclusion the average person applying contemporary community standards would reach in a given case.

It appears from the opinion of the Supreme Court of the United States in Miller v. California, 413 U.S. 15, 24, 93 S.Ct. 2607, 2615, 37 L.Ed.2d 419, that the basic guildelines for the trier of the fact in an obscenity case must be

"(a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, Kois v. Wisconsin, supra, 408 U.S. [229] at 230, 92 S.Ct. [2245] at 2246, [33 L.Ed.2d 312], quoting Roth v. United States, supra, 354 U.S. [476] at 489, 77 S.Ct. [1304] at 1311, 1 L.Ed.2d 1498; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."

The Supreme Court in Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590, observed that in

the Miller case, supra, the Court had abandoned the application of the national standards of obscenity because of the difficulty in formulating such uniform standards and emphasized

"the ability of the juror to ascertain the sense of the 'average person, applying contemporary community standards' without the benefit of expert evidence, clearly indicates that 18 U.S.C. § 1461 is not to be interpreted as requiring proof of the uniform national standards which were criticized in *Miller*." Id. 105, 94 S.Ct. 2901.

In commenting on the test as stated in the *Miller* case, the Court in *Hamling* says:

"the test was stated in terms of the understanding of 'the average person, applying contemporary community standards.' *Id.*, at 24, [93 S.Ct. 2607]. When this approach is coupled with the reaffirmation in Paris Adult Theatre I v. Slaton, 413 U.S. [49], at 56, [93 S.Ct. 2628, 37 L.Ed.2d 446], of the rule that the prosecution need not as a matter of constitutional law produce 'expert' witnesses to testify as to the obscenity of the materials, the import of the quoted language from *Miller* becomes clear. A juror is entitled to draw on his own knowledge of the views of the average person in the community or vicinage from which he comes for making the required determination, just as he is entitled to draw on his knowledge of the propensities of a 'reasonable' person in other areas of the law.

\* \* \* \* \* \*

The result of the *Miller* cases, therefore, as a matter of constitutional law and federal statutory construction, is to permit a juror sitting in obscenity cases to draw on knowledge of the community or vicinage from which he comes in deciding what conclusion 'the average person, applying contemporary community standards' would reach in a given case. Since this case was tried in the Southern District of California, and presumably jurors

from throughout that judicial district were available to serve on the panel which tried petitioners, it would be the standards of that 'community' upon which the jurors would draw." Id. 104–106, 94 S.Ct. 2901.

The Court thereafter stated:

"But this is not to say that a District Court would not be at liberty to admit evidence of standards existing in some place outside of this particular district, if it felt such evidence would assist the jurors in the resolution of the issues which they were to decide."

However, the Court in *Hamling* was concerned with the national standards as to which evidence had been adduced as well as the application of contemporary community standards.

■ Defendants argue that this Court's ruling will violate their right to change of venue. The Supreme Court has recognized the fact that different community standards would likely be applied in different communities in which cases are prosecuted. Hamling v. United States, supra, 107, 94 S.Ct. 2887. The defendants knew when they distributed the material involved in Iowa that the Government could prosecute for allegedly obscene matter in the area of distribution, and the defendants, in making distribution of the material in Iowa, assumed the risk of prosecution and trial in that State under its contemporary community standards as to obscenity.

■ The fact the Government is authorized to seek an Indictment in either California or Iowa, 18 U.S.C. § 3237, should not affect its right to subject the defendants' material to the community standards of Iowa and this right should not be defeated by a transfer of the case to a jurisdiction where, under the decisions of the Supreme Court, the fact finder is not in a position to determine the Iowa standards.

■■ The general rule requires that on change of venue in a civil case the law of the jurisdiction of the transfer-

or court is to be applied at trial by the court in the transferee District. The universal application of Federal statutes throughout the country creates a novel problem in the instant case by reason of the statutory right of the Government to prosecute the case in the District of distribution of the allegedly obscene material, the rulings of the Supreme Court that the finder of the fact must apply his or her knowledge of the community standards of the community in which he or she resides, and the lack of knowledge of the transferee fact finder as to the requisite community standards of the transferor District which must be applied.

The Government suggests it might prove the Iowa community standards by expert witnesses but although such testimony might be of assistance to a jury in this District it could not be a substitute for or eliminate the need for the knowledge of each juror which he or she would have drawn from the community of his residence as to the applicable community standards.

The Court concludes that a jury selected from the residents of this District could not determine the contemporary community standards of the Northern District of Iowa by reason of its members not possessing the knowledge of a juror in Iowa of the community standards in which the Iowa juror resides, necessary in deciding what conclusion the average person, applying the contemporary community standards of Iowa, would reach based on the facts adduced in the instant case. There are a number of similar criminal cases now pending in this District by reason of orders transferring them from District Courts in other States on motions for change of venue like that in the instant matter. This Court concludes that it was not the intention of the Supreme Court or Congress, as indicated by the current case and statutory law, that a District Court Judge or jury in the Central District of California should decide the standards of obscenity to be deemed the contempo-

rary community standards of any and all States in the Union from which these cases may be transferred on motions for change of venue resulting from the fact that the allegedly obscene material was made or published in this District.

On its own motion, the Court orders that, for the reasons stated above, the Indictment pending herein is hereby dismissed.