UNITED STATES of America, Petitioner,

v.

**Honorable Edward J. McMANUS, Chief Judge, United States District Court, Northern District of Iowa, Respondent.**

No. 75–1868.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1976.

Decided May 13, 1976.

Rehearing and Rehearing En Banc Denied June 2, 1976.

---

Robert L. Sikma, Asst. U. S. Atty., Sioux City, Iowa, for petitioner.

Evan L. Hultman, U. S. Atty., and Robert L. Sikma, Asst. U. S. Atty., Sioux City, Iowa, and Lorna A. Gilbert, Legal Intern, University of South Dakota, College of Law, Vermillion, S. D., for petitioner.

Roger Jon Diamond, Pacific Palisades, Cal., for respondent.

Before LAY, HEANEY and STEPHEN-SON, Circuit Judges.

PER CURIAM.

The government petitions this Court for a writ of mandamus asserting that the District Court erred in granting a motion for a change of venue in *United States of America v. Robert Elkins, et al.*, No. CR 75–4022 (N.D.Ia. October 1, 1975). We find that the trial court did abuse its discretion and grant the writ. The record of this case, previously transferred to the Central District of California, shall be recalled and the case shall be tried in the Northern District of Iowa.

On July 11, 1974, a fourteen-count indictment was returned against six defendants, charging them with violating and with conspiracy to violate two postal obscenity statutes, 18 U.S.C. §§ 1461 and 1462, for the mailing from California of allegedly ob-

scene advertisements and movies to Iowa. The defendants filed a motion for change of venue pursuant to Federal Rule of Criminal Procedure 21(b).[1] Chief Judge Edward J. McManus of the Northern District of Iowa granted the motion, and the case was transferred to the Central District of California. *United States of America v. Robert Elkins, et al.*, No. CR 74–4015 (N.D.Ia. December 6, 1974).

Prior to trial in the Central District of California, the government moved for an evidentiary ruling as to whether the contemporary community standards of the Northern District of Iowa or the Central District of California would apply at trial. The District Court, Judge E. Avery Crary presiding, held that the contemporary community standards of the Northern District of Iowa were applicable under the guidelines established in *Hamling v. United States*, 418 U.S. 87, 102, 94 S.Ct. 2887, 2899–2900, 41 L.Ed.2d 590, 611–12 (1974); *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 69, 93 S.Ct. 2628, 2641–42, 37 L.Ed.2d 446, 464 (1973); and *Miller v. California*, 413 U.S. 15, 24, 93 S.Ct. 2607, 2614–15, 37 L.Ed.2d 419, 430–31 (1973). It also held that these Iowa community standards could not be proven solely by the means of expert testimony. *United States v. Elkins*, 396 F.Supp. 314 (C.D.Cal. 1975).

On May 22, 1975, the California District Court, *sua sponte*, dismissed the indictment. The court concluded that:

a jury selected from the residents of this District could not determine the contemporary community standards of the Northern District of Iowa by reason of its members not possessing the knowledge of a juror in Iowa of the community standards in which the Iowa juror resides, necessary in deciding what conclusion the average person, applying the contemporary standards of Iowa, would reach based on the facts adduced in the instant case.

*United States v. Elkins, supra* at 396 F.Supp. 318.

This dismissal was consistent with the action taken in five other obscenity cases transferred to the Central District of California since the Supreme Court's decision in *Hamling v. United States, supra*, and *Miller v. California, supra*.

The government chose not to appeal this dismissal to the Ninth Circuit Court of Appeals. Instead, five of the six defendants were reindicted in the Northern District of Iowa on June 19, 1975, on essentially the same charges as in the July 11, 1974, indictment. The defendants again moved for and were granted a change of venue by Judge McManus. *United States of America v. Robert Elkins, et al.*, No. CR 75–4022 (N.D.Ia. October 1, 1975).

In this order, Judge McManus found that: (1) all the defendants and their attorneys live in California; (2) most of the witnesses would come from California, especially in light of the defendants' willingness to stipulate to the testimony of any Iowa witnesses, including those who would testify that the material mailed was obscene; (3) the location of most of the documents, records and events likely to be at issue is in California in light of defendants' stipulation; (4) the defendants' businesses would be severely disrupted if trial was held in Iowa; and (5) one of the defendants has a heart condition which would make travel unwise. Judge McManus concluded that despite the preference given to the prosecution's initial choice of forum and despite the fact that the District Court in California had dismissed the prior indictment, a transfer was necessary in the interest of justice and convenience.

The government argues on appeal that the normal rules affecting transfers under Rule 21(b) do not apply in obscenity cases. It argues that under the contemporary community standard set forth in *Hamling v. United States, supra*; *United States v. 12

1. Federal Rule of Criminal Procedure 21(b) states:

For the convenience of parties and witnesses, and in the interest of justice, the court

upon motion of the defendant may transfer the proceedings as to him or any one or more of the counts thereof to another district.

*200-ft. Reels,* 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); and *Miller v. California, supra,* the only appropriate finder of fact is a jury selected from the community in which the offense took place. Since the government chose to bring this indictment in Iowa, only an Iowa jury applying Iowa contemporary community standards can determine whether this material is obscene.[2]

■ We would ordinarily be reluctant to disturb the District Court's decision either to grant or refuse a request to transfer. However, the present situation requires a careful examination of conflicting policies. Initially, we recognize that the government's choice of forum is ordinarily to be respected. However, the convenience of the defendants to be tried in the district where they live and work, where their attorneys reside and where the majority of the witnesses live may overcome that presumption.

■ Criminal defendants have no constitutional right to a trial in their home districts, nor does the location of a defendant's home have "independent significance in determining whether transfer to that district would be 'in the interest of justice.'" *Platt v. Minnesota Mining & Manufacturing Co.,* 376 U.S. 240, 245–246, 84 S.Ct. 769, 772, 11 L.Ed.2d 674, 679 (1964). The only applicable constitutional provisions are Article III, § 2, and the Sixth Amendment which require the trial to be held in the state where the alleged crime has been committed. The prosecution has a choice of venue only in cases involving crimes occurring in more than one judicial district.

Rule 21(b) interjects into criminal law an analogue to the civil doctrine of *forum non conveniens. Cf.* 28 U.S.C. § 1404(a). The Supreme Court has held that Congress may, by a special venue statute, deprive courts of their discretionary power to transfer cases arising under that statute. For example, in *United States v. National City Lines, Inc.,*

334 U.S. 573, 68 S.Ct. 1169, 92 L.Ed. 1584 (1948), the Court held that the legislative history of § 12 of the Clayton Act showed such a Congressional intent, and that a plaintiff's choice among several proper venues cannot be overridden. The plaintiff's choice was final even when it was the United States that brought the case.

■ In the instant case, there is ample legislative history indicating Congress' concern to allow the district to which allegedly obscene matter is mailed (the recipient district) to institute the prosecution and to judge the character of the material under local standards. Congress specifically amended the postal obscenity statute in 1958 to permit the recipient district as well as the sending district to file the charges, since earlier decisions had held that venue existed only in the sending district.

In *United States v. Luros,* 243 F.Supp. 160, 176 (N.D.Iowa 1965), *rev'd on other grounds,* 389 F.2d 200 (8th Cir. 1968), the court denied a motion for a transfer in an action brought under 18 U.S.C. §§ 1461 and 1462. It stated:

The legislative history clearly indicates the intent of Congress in enacting the 1958 amendments to the obscenity statutes. During the course of the Congressional debate on the amendments, Representative Keating explained that:

"The interpretation given by the courts has, to all intents and purposes, nullified previous Congressional action. They have said a promoter can be prosecuted only where he puts the material into the mail. As a result the community most affected by the crime, that is, the one where the stuff is circulated, has no opportunity whatsoever to protect itself.

"The bill before us is intended to overcome the effect of judicial interpretation and thereby to increase materially the effectiveness of the present statute. Its purpose is to make abundantly clear that violators can be prosecuted either at the

---

2. The government has the option under 18 U.S.C. §§ 1461 and 1462 to bring a postal obscenity case in either the district in which the allegedly obscene material was mailed or in

the district where it was received. *See United States v. Luros,* 243 F.Supp. 160, 176–177 (N.D. Iowa 1965), *rev'd on other grounds,* 389 F.2d 200 (8th Cir. 1968).

place of mailing, or at the place of address or delivery, . . . ." 104 Congressional Record 8043–8044 (1958).

In *United States v. Luros, supra,* the court also recited legislative history indicating that Congress did not intend to permit unrestricted "forum shopping" by allowing prosecution at any district through which this material might pass but only at the point where it was mailed and at the point where it was received. *Id.* at 176.

In addition to the specific intent demonstrated by Congress to allow the recipient district to prosecute, we are faced with the fact that by its decisions in *Hamling* and *Miller,* the Supreme Court has determined that one of the constitutional standards used to determine obscenity is local rather than national in character. This requirement, coupled with the decision of the government to bring this indictment in Iowa, mandates that the obscenity *vel non* of these materials must be determined according to the Iowa contemporary community standards. The present situation is further limited by the determination of Judge Crary, which we are powerless to alter, that if the case were tried in his court, the government could not prove the obscene nature of these materials solely by the use of expert testimony. The end result is to require that these defendants must be tried in Iowa, if they are to be tried at all.

We recognize that the practical impact of our decision is to substantially reduce the rights of defendants in a postal obscenity suit to a transfer. This appears to conflict with the amendment to Rule 21(b) in 1966 that added considerations about the convenience of the forum to parties and witnesses. However, under the circumstances of this case and in view of the recent decisions of the Supreme Court that obscenity *vel non* must be determined on a local community standard, we have no choice but to order that this case be tried in Iowa. Our opinion should not be read to say that a Rule 21(b) transfer may never be granted in an obscenity case. A stronger showing than made here, such as intentional over-

reaching by the government, must be made, however, to overcome the government's choice of forum in postal obscenity cases.

We grant the writ of mandamus and order that the record of this case be recalled. The government has leave to refile its indictment if necessary.