776 F.2d 136
 In re Petition of Elizabeth L. MOORE, executrix of the
estate of Colvert E. Moore, deceased.
Appeals of VELSICOL CHEMICAL CORPORATION, David M. Whitacre,
Edwin I. Goldenthal and Robert G. Geil, Robert Morris and
Dr. William MacDonald, Neil R. Mitchell, Alfred A. Levin,
Bernard Lorant, and Williams & Connolly, Kenneth Schulz,
Harvey S. Gold, John C. Tapas, Charles J. Calo, Paul M. Newberne.
 Nos. 85-2684, 85-2709 to 85-2713, 85-2731, 85-2733, 85-2756,
85-2760 and 85-2808.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Oct. 9, 1985.
Decided Oct. 24, 1985.
Opinion Nov. 4, 1985.
 
 Before BAUER, ESCHBACH, and POSNER, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 We have before us motions to stay, pending appeal, an order by the chief judge of the Northern District of Illinois directing the clerk of the district court to ship the transcript of some of the testimony given before a federal grand jury to a district judge in Connecticut who is presiding over a products liability suit to which the testimony may be relevant. With the trial of that suit scheduled to begin on October 15, we decided to accelerate our consideration of the appeal, to treat the briefs that the parties had filed in support of and opposition to the motions for stay as their briefs on the merits (the issue on the merits being straightforward, as we shall see), and to decide the appeal without oral argument.
 
 
 2
 The first question is whether we have jurisdiction. Rule 6(e)(3)(D) of the Federal Rules of Criminal Procedure allows the filing, in the district where the grand jury sat, which in this case is the Northern District of Illinois, of a petition for disclosure of matters that occurred before the grand jury. Subsection (E) provides that if the suit in connection with which disclosure is sought is in another district, the court in which the petition is filed, the grand jury court as it were, "shall transfer" the petition to the other court "unless it can reasonably obtain sufficient knowledge of the proceeding [in that court] to determine whether disclosure is proper." If the court decides to make the transfer, it shall, in the further words of subsection (E), "order transmitted to the court to which the matter is transferred the material sought to be disclosed, if feasible, and a written evaluation of the need for continued grand jury secrecy." As explained in the Advisory Committee's extensive notes to the 1983 amendments to Rule 6, which added subsection (E), the transferee court is to make the ultimate decision whether to disclose, based on its own determination of the need for disclosure and the transferring court's evaluation of the competing need for continued secrecy. The chief judge of the Northern District of Illinois, having received the appellee's petition for disclosure of testimony before the grand jury for use in her products liability suit in Connecticut, decided to transfer the matter to the district court in Connecticut, and issued the order that the appellants seek to appeal from. The appellants, who include the defendant in the Connecticut suit and the witnesses whose grand jury testimony the appellee wants, complain that the chief judge did not make the required evaluation of the continued need for secrecy.
 
 
 3
 If the order to transfer the matter to the district court in Connecticut were an order actually to disclose grand jury documents or testimony--even to disclose them in a proceeding before the ordering judge--it would clearly be appealable despite the general policy against interlocutory appeals of discovery orders, for reasons explained in Illinois v. F.E. Moran, Inc., 740 F.2d 533, 535-38 (7th Cir.1984). One of those reasons is that there is no criminal proceeding which might be interrupted and delayed by an appeal from an order respecting the use of grand jury testimony in the proceeding. See id. at 538. The appellee (the plaintiff in the Connecticut suit) argues however that the order in this case is not a final order from which an appeal can lie, because the appellants cannot be harmed until the grand jury testimony is actually disclosed, a matter within the power of the Connecticut district judge to be exercised after he receives the testimony and weighs the competing needs for secrecy and for disclosure. The appellants on the other hand rely on our decision in In re Grand Jury Proceedings, Miller Brewing Co., 687 F.2d 1079, 1085 (7th Cir.1982), which allowed an appeal to be taken from an order transferring grand jury transcripts to the United States Tax Court. But Miller is distinguishable from the present case because there the district court had ordered disclosure of some documents as well as the transfer of the transcripts, and we treated the order as a single order and stressed the disclosure aspect without separate discussion of the transfer aspect.
 
 
 4
 And against Miller must be set In re 1975-2 Grand Jury Investigation of Associated Milk Producers, Inc., 566 F.2d 1293 (5th Cir.1978), cited in the Advisory Committee's notes to the 1983 amendments for the proposition that transfer orders are not appealable, and an earlier case which reached the same result, Baker v. United States Steel Corp., 492 F.2d 1074, 1078-79 (2d Cir.1974). The orders in those cases, however, shifted decision on all aspects of disclosure to the transferee court. (This was before the promulgation of Rule 6(e)(3)(E), which requires the transferring court to evaluate the need for continued secrecy.) The courts of appeals therefore viewed the orders as purely ministerial in character--as not affecting any substantive rights of the parties but just as changing the decision-maker from one federal judge to another. See 566 F.2d at 1300-01; 492 F.2d at 1078. Therefore no one was "aggrieved" by the order as that word is used in legal discussion (of course as a practical matter the identity of the deciding judge can affect the outcome of a case). Here the appellants are aggrieved by a determination which, though not final, may influence the district court in Connecticut, perhaps decisively, against their cause. In such a case In re Grand Jury Proceedings at Chattanooga, 649 F.2d 387, 388 (6th Cir.1981), allowed an immediate appeal.
 
 
 5
 Thus it does not seem that we can treat the question of appealability as having been authoritatively resolved by previous cases; but perhaps analogies can help point us to a correct result. The transfer order winds up all proceedings in the Northern District of Illinois, and indeed in the Seventh Circuit, on the petition for disclosure. It is thus final in much the same sense that an order directing parties to a lawsuit to arbitrate their dispute is final if it is the terminus of the lawsuit, even though the order does not resolve the underlying dispute but merely shifts it to another forum. See, e.g., University Life Ins. Co. v. Unimarc Ltd., 699 F.2d 846, 848 (7th Cir.1983) (dictum, citing holdings). But an even closer analogy to the present order would be an order transferring a case to another district because the original district was inconvenient or because venue was improper in that district. See 28 U.S.C. Secs. 1404(a), 1406(a). Such orders are not appealable, In re Dalton, 733 F.2d 710, 714-15 (10th Cir.1984); 9 Moore's Federal Practice p 110.13 (2d ed. 1985)--though, to complete a complicated picture, we must add that orders dismissing, as distinct from transferring, cases because the forum is inconvenient are appealable, see 15 Wright, Miller & Cooper, Federal Practice and Procedure Sec. 3914, at p. 546 (1976), even though the effect of a dismissal and of a transfer will usually be the same.
 
 
 6
 Practical considerations are on both sides of allowing an appeal in this case. On the one hand, to allow an appeal from what amounts to a discovery order is likely to delay the trial in Connecticut; that is of course one reason why discovery orders generally are not appealable, and, realistically, that is the nature of the order in this case. In addition the transfer order will be moot if the judge in Connecticut refuses to order disclosure of the materials transferred; the mooting out of interlocutory orders by later orders is another of the standard reasons against allowing interlocutory appeals. On the other hand, if we do not have appellate jurisdiction, and if the district judge's transfer order was in fact invalid for want of an evaluation of the need for continued secrecy, the Connecticut judge is put in a bind. He has no appellate jurisdiction over our judge. He could refuse to allow disclosure of the grand jury testimony because he was unsure how weighty the need for secrecy was, but this would leave the applicant for disclosure without any way of getting a better evaluation, which might show that there really was no need for continued secrecy. Even if the Second Circuit, which would have appellate jurisdiction over any order entered by the district judge in Connecticut, could remand a portion of the case to a district judge in another circuit, this would presuppose an appeal and reversal; and the disappointed applicant for disclosure would have no ground for appealing an order by the transferee judge refusing disclosure because the transferring judge had failed to evaluate the need for continued secrecy; the order would be correct on the basis of what the transferee judge had before him. It seems that all the applicant could do would be to ask the Second Circuit to mandamus the chief judge of the Northern District of Illinois to make the required evaluation.
 
 
 7
 We think it unnecessary to go deeper into this bog in an effort to resolve the issue of appellate jurisdiction. As our last remark suggests, this is a classic case for mandamus; and surely for mandamus in this circuit and not the Second Circuit. What the appellants are asking for in this "appeal" is that the district court be told to make and transmit with the materials he transfers to Connecticut "a written evaluation of the need for continued grand jury secrecy." This is a duty that Rule 6(e)(3)(E) imposes on the district judge in unconditional terms, so that what the appellants are seeking is an order "to compel it [the district court] to exercise its authority when it is its duty to do so," Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943), which is just the sort of thing that the mandamus jurisdiction is designed for. When Judge Friendly protested the too-liberal use of mandamus in his circuit to review transfer orders under section 1404(a) he excepted from his criticism the use of the writ in a case "where a district judge has denied a transfer motion without even considering the merits...." A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 446 (2d Cir.1966) (Friendly, J., concurring). This is the same kind of case. The district judge failed to consider the part of the merits that Rule 6(e)(3)(E) assigns to him, namely whether there is a continued need for secrecy. An alternative and equivalent way of describing what the judge did, but again one snugly within the traditional scope of the mandamus jurisdiction, is that he clearly exceeded his powers by transferring the matter without first making the written evaluation of the need for continued secrecy that the rule requires. The importance that federal courts attach to the confidentiality of grand jury proceedings makes it impossible to regard the judge's action as a merely technical exceeding of his authority; and a remedy by way of appeal from any orders that may be entered in the district court to which he transferred the matter would be inadequate.
 
 
 8
 What we have said about our jurisdiction largely disposes of the only issue on the merits. The judge wrote two opinions, and in neither is there any evaluation of the need for continued secrecy of the materials sought to be transferred to Connecticut. First he said there was a particularized need for disclosure, then that that issue should be decided by his colleague in Connecticut. Rule 6(e)(3)(E) requires more; it requires the transferring judge to make a written evaluation of the continued need for secrecy of the grand jury proceedings. The judge didn't do that, so his transfer order must be set aside and the matter returned to him for further proceedings consistent with this opinion.
 
 
 9
 Therefore, treating the appeals as applications for a writ of mandamus directing the judge not to transfer the matter to the district court in Connecticut until he makes the evaluation required by Rule 6(e)(3)(E), we grant the writ and having done so dismiss the appeal as moot.
 
 
 10
 SO ORDERED.