972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
VARIOUS ARTICLES OF MERCHANDISE, SEIZURE # 550 and # 552, Defendant
Appeal of Thomas L. WAHL, Claimant.
 No. 91-1752.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 24, 1992.*
Decided Aug. 4, 1992.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 90-C-4773; George M. Marovich, Judge.
 CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Thomas L. Wahl, the claimant of the imported video tape "Girl Toys," appeals from an order of the district court finding that the tape was obscene and subject to forfeiture pursuant to 19 U.S.C. § 1305. We affirm.
 
 
 2
 Wahl first argues that the test for determining obscene material articulated in Miller v. California, 413 U.S. 15 (1973), does not apply in his case because he intended to watch "Girl Toys" in the privacy of his own home. In United States v. Twelve 200-ft. Reels of Super 8mm. Film, 413 U.S. 123 (1973), the Supreme Court specifically rejected the argument that imported obscene material intended for private use only is excluded from forfeiture under 19 U.S.C. § 1305. The Supreme Court noted that the protected right to possess obscene material in the privacy of one's home does not give rise to a correlative right to bring such material into the country for private purposes. Id. at 128. See also Paris Adult Theatre I. v. Slaton, 413 U.S. 49, 57 (1973).
 
 
 3
 Wahl next argues that the forfeiture proceeding should have been held in St. Charles, Missouri, where he lives, instead of Chicago, Illinois, where customs officers seized the video tape. Section 1305 specifically places venue for forfeiture proceedings in either the district of the addressee's residence or the district of the seizure of the allegedly pornographic material. 19 U.S.C. § 1305(b). Nothing in § 1305 indicates that Wahl had the right to an adjudication in his home district or that such an adjudication required application of the "community standards" of that district. Id. See United States v. Various Articles of Obscene Merchandise, Schedule No. 1303, 562 F.2d 185, 189 (2d Cir.1977), cert. denied, 436 U.S. 931 (1978); see also United States v. McManus, 535 F.2d 460, 463 (8th Cir.1976), cert. denied, 429 U.S. 1052 (1977). That claimants like Wahl may be subjected to varying community standards other their own does not make a federal statute unconstitutional. See Hamling v. United States, 418 U.S. 87, 106 (1974).
 
 
 4
 In this case, venue was proper in Chicago because it was there that customs officers seized the video tape imported from Canada and addressed to Wahl in Missouri. The forfeiture proceeding having been properly venued in Chicago, the district court was correct in applying the local standards of the Chicago community. See United States v. Langford, 688 F.2d 1088, 1096 (7th Cir.1982), cert. denied, 461 U.S. 959 (1983). In all events, Wahl forfeited his objections to venue by failing to raise them in a timely fashion before the district court. See Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372, 375 (7th Cir.1990).
 
 
 5
 Wahl finally argues that the district court deprived him of due process in failing to offer him a jury trial. Section 1305 permits any party in interest to demand a jury trial. 19 U.S.C. § 1305(b). Rule 38(b) provides that a demand for a jury trial must be made "not later than 10 days after the service of the last pleading directed to such issue." Fed.R.Civ.P. 38(b). The record reveals that Wahl never made a demand for a jury trial. As a result, he waived his right to have his claim to the video tape presented to a jury. See Fed.R.Civ.P. 38(d); Lovelace v. Dall, 820 F.2d 223, 228-29 (7th Cir.1987).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record