**In the Matter of Phillip R. BALSIMO and Jamie Hunter, Petitioners.**

**No. 95–2613.**

United States Court of Appeals, Seventh Circuit.

Submitted July 28, 1995.

Decided Oct. 13, 1995.

Christopher T. Van Wagner, Madison, WI and Kris J. Thomas, Reynolds, Thomas & Kelly, Madison, WI, for Petitioners.

Grant C. Johnson, Asst. U.S. Atty., Madison, WI, for Respondent.

Before POSNER, Chief Judge, and COFFEY and KANNE, Circuit Judges.

POSNER, Chief Judge.

The defendants, residents of St. Paul, Minnesota, were charged with having transported stolen goods in interstate commerce, in violation of 18 U.S.C. § 2314. The transportation was from the town of North Hudson, Wisconsin, which is just across the St. Croix River from the "twin cities" of Minneapolis and St. Paul, to St. Paul. Venue would therefore have been proper in either the Western District of Wisconsin or the District of Minnesota. 18 U.S.C. § 3237(a). The defendants were indicted in the Western District of Wisconsin and were set to go to trial in Madison when we granted a stay of the trial to give ourselves time to consider the defendants' petition for mandamus. They had moved the district judge for a change of venue to the District of Minnesota under Fed.R.Crim.P. 21(b), which authorizes the transfer of a criminal proceeding to another federal district "for the convenience of the parties and witnesses, and in the interest of justice." The motion advanced a number of considerations, unnecessary to repeat here, for why the case should be transferred. The magistrate judge to whom the district judge referred the motion recommended that it be denied on the basis of "a presumption that cases arising anywhere in this district shall not be transferred to a contiguous district for trial. Such a presumption would be rebuttable upon a showing of truly compelling circumstances; having considered the facts presented here, I do not think that such a presumption has been rebutted. Accordingly, I recommend that this court deny both defendants' motions to transfer venue." The district judge adopted the magistrate judge's findings and conclusions "as the court's [i.e., the district judge's] own" and denied the motion, precipitating the petition for mandamus.

■ The first question is whether, as assumed but not discussed in *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 244, 84 S.Ct. 769, 771–72, 11 L.Ed.2d 674 (1964), a refusal to transfer a criminal case can ever be challenged by means of a petition for a writ of mandamus. We think it can be, as held in *In re Briscoe*, 976 F.2d 1425 (D.C.Cir. 1992) (per curiam), and *United States v. McManus*, 535 F.2d 460 (8th Cir.1976). The skepticism expressed in *United States v. Griesa*, 481 F.2d 276, 278 (2d Cir.1973) (per curiam), that an order granting a motion to transfer could ever be overturned by mandamus given the breadth of the district judge's discretion, is well-founded and is equally applicable to an order refusing to grant such a motion; but a prediction that efforts to challenge such orders by petitioning for mandamus are almost certain to fail is different from holding that the entire class of orders is immune from mandamus. That we think would be an error. *Any* order is subject to challenge by asking for a writ of mandamus if the order both imposes irreparable harm and can be shown to be so clearly wrong as to constitute a usurpative act by the judge. *In re Rhone–Poulenc Rorer, Inc.*, 51 F.3d 1293, 1295 (7th Cir.1995).

■ The government points out that the interest in the expeditious and uninterrupted conduct of a criminal trial is undermined if petitions for mandamus are allowed. Taken to the limit, the point would preclude any use of mandamus in criminal proceedings, which is not the law. E.g., *United States v. Vlahos*, 33 F.3d 758, 762 (7th Cir.1994); *United States v. Spilotro*, 884 F.2d 1003, 1006–07 (7th Cir.1989); *Portillo v. U.S. District Court*, 15 F.3d 819, 824 (9th Cir.1994); *United States v. Baytank (Houston), Inc.*, 934 F.2d 599, 615–16 (5th Cir.1991); *United States v. Patterson*, 882 F.2d 595, 600 (1st Cir.1989). Even confined to change of venue situations, the point is not compelling. The filing of a petition for mandamus will interrupt a criminal proceeding only if the court of appeals grants a stay, which it will not do if, in the circumstances, the cost to the criminal justice system of the delay caused by the stay exceeds the benefit to the legitimate interest of the defendants, witnesses, and others whose convenience might be served by a change of venue. Cf. *In re Petition of Moore*, 776 F.2d 136 (7th Cir.1985).

The first condition for the grant of mandamus is satisfied here because, if the defendants are forced to go to trial in Madison, they, and their lawyers and witnesses, will lose forever the benefits that a grant of their motion to transfer the case to Minneapolis (where the case would be tried if the motion were granted) would have produced. The fact that transfers for the convenience of the parties and the other participants in a legal proceeding are authorized shows that such convenience is an interest that the law recognizes and, to a limited extent, protects. Acquittal will not cure the impairment of that interest, and prejudice from the denial of a transfer sufficient to warrant overturning a conviction will rarely be demonstrable—the error will normally be deemed harmless— and in any event overturning the conviction, like acquitting the defendant, will not recover the interest that the transfer power is designed to secure.

The second condition will almost never be satisfied in a change of venue case because of the open-ended character of the standard in Rule 21(b) for a change of venue. This is one of those areas in which the question for the court of appeals is whether the discretion granted to the district court has been exercised. If it has been, it will be almost impossible to show that it has been abused—let alone abused to such a degree as to meet the very high standard for review by means of the extraordinary writ of mandamus. Cf. *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994).

But this is that unusual case. Rule 21(b) lays down one standard and the district court has imposed another and different standard, one that as a practical matter will make it impossible for defendants in the Western District of Wisconsin ever to obtain a change of venue to a contiguous district, even if despite the contiguity the result of the denial of the change is that the trial will be held hundreds of miles from the most convenient site. Nothing in Rule 21(b) or in the cases interpreting it place on the defendant seeking a change of venue the burden of establishing "truly compelling circumstances" for such a change. It is enough if, all relevant things considered, the case would be better off transferred to another district. *Platt v. Minnesota Mining & Mfg. Co., supra,* 376 U.S. at 243–44, 84 S.Ct. at 771–72; *United States v. Morrison,* 946 F.2d 484, 490 (7th Cir.1991); *United States v. Maldonado–Rivera,* 922 F.2d 934, 966 (2d Cir.1990). Basically what the district court did here was to truncate the right conferred by Rule 21(b), and since such a judicial act is fairly describable as usurpative and cannot be remedied by an appeal from a final judgment, we can and shall rectify it by granting the defendants' petition for a writ of mandamus and directing the district court to reconsider the motion for a change of venue in accordance with this opinion.