96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alex M. WADE, Jr., Plaintiff-Appellant,
v.
FARMERS INSURANCE GROUP, Defendant-Appellee.
 No. 95-2957.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1996.*
Decided Aug. 30, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Alex M. Wade, Jr. ("Wade") sued his insurer in an Indiana state court for an amount in excess of $50,000, following a dispute concerning the insurer's liability for Wade's alleged injuries and losses resulting from an automobile accident occurring in Indiana. After the defendant insurer successfully removed the case to the federal district court in Indiana (based on diversity jurisdiction) it moved for dismissal for lack of personal jurisdiction, or, in the alternative, for a transfer of venue to the district court in Texas. Agreeing that it lacked personal jurisdiction over the defendant, the district court granted the defendant's motion to dismiss on that ground. It also granted the defendant's alternative motion to transfer the case to a district court in Texas. Plaintiff appeals both rulings. Because we find that these rulings are interlocutory non-appealable orders, and since mandamus relief is not warranted, we dismiss for lack of jurisdiction.
 
 
 2
 Defendant Farmers Insurance Group ("Farmers")--actually Texas Farmers Insurance Company or Farmers Texas County Mutual Insurance Company--is a Texas insurance company licensed to do business in Texas. While residing in Texas, Wade purchased three insurance policies from Farmers under which he claims benefits to cover his alleged losses stemming from an automobile accident occurring in Indiana in October of 1992 while Wade was there on a business trip. Wade's alleged injuries occured while he was a passenger in a vehicle driven by his travel companion, Lynette Horne ("Horne"), a resident of Texas, that collided with a deer and veered off the road into a ditch. After regaining control of the vehicle, they proceeded to the nearest truck stop to call the police and make a report. In response to their call, an Indiana trooper and resident, officer Shenefield ("Shenefield"), met them at the truck stop and issued an accident report. After the accident in Indiana, Wade returned to Texas where he sought medical treatment. He then submitted a claim for coverage of these expenses as well as for loss of income from his former job in Texas. Following Farmer's initial denial of coverage (based on inconsistencies in various of Wade's statements) and its refusal to accept his proposed settlement, Wade filed suit in an Indiana municipal court. Wade chose this forum since he moved to Indiana after the accident to set up a new business there.
 
 
 3
 Wade's new residence created diversity of citizenship and thus allowed Farmers to successfully remove the case to the federal district court in Indiana pursuant to 28 U.S.C. §§ 1332 and 1441. Farmers next filed a motion to dismiss claiming that Indiana courts lacked personal jurisdiction over it. In the alternative, Farmers requested that the court transfer the case to the district court in Texas, pursuant to 28 U.S.C. § 1404(a), which provides for venue transfers for the convenience the parties, the witnesses, and in the interests of justice. (R. at 31). In support of its first motion, Farmers argued that it lacked sufficient "minimum contacts" within Indiana necessary to satisfy Indiana's long-arm statute, which allows the assertion of personal jurisdiction over non-resident defendants only to the extent allowed under the due process clause. Id. For similar reasons, it argued, in the alternative, that it was more convenient for it to litigate the case in Texas where it was located, and that it was in the interest of justice to transfer the case to Texas since Wade resided there when he purchased the insurance policies, several of its proposed witnesses resided there, Wade received medical treatment there (for which he sought reimbursement), Wade's employment records (relevant to his lost-wages claim) were there, and since Texas is where it had conducted its investigation into Wade's claims that led to his lawsuit. (R. at 32).
 
 
 4
 Wade opposed the motions arguing first that the Indiana district court did have personal jurisdiction over the defendant since Farmers purposely availed itself of the benefits of Indiana law by employing another claims adjustment firm in Indianapolis, Indiana to settled Wade's other claims (for an unrelated incident) against Farmers. (R. at 37). Moreover, Wade argued that a venue transfer, pursuant to § 1404(a), was improper since his choice of forum should be given greater consideration than Farmers and since officer Shenefield, the only "eyewitness," resided in Indiana.
 
 
 5
 The district court held that it lacked personal jurisdiction over Farmers. It reasoned that Farmers lacked the necessary "minimum contacts" within the state to apply either general jurisdiction (applicable when a defendant engages in continuous operations in the state) or specific jurisdiction (applicable when the obligation sued upon arises out of or is connected with the activities of the corporation within the state) principles to justify the application of Indiana's long-arm jurisdiction statute to Farmers. (R. at 77). Particularly, the court opined that Farmers had not "purposely availed" itself of the privilege of conducting activities in the forum state such that it would reasonably anticipate being haled into court there. Id. (applying the standards sets forth in International Shoe Co. v. Washington, 326 U.S. 310 (1945), Hanson v. Denckla, 357 U.S. 235 (1958), and World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286 (1980)). Accordingly, the court granted Farmers' motion to dismiss for lack of personal jurisdiction.
 
 
 6
 The district court next considered Farmers' alternative motion (if personal jurisdiction was not lacking), to transfer the case to a district court in Texas. It found that a transfer of venue under § 1404(a) was appropriate since (1) venue was proper in the transferor district, (2) venue and jurisdiction were proper in the transferee district, and (3) that the transfer would serve the convenience of the parties, the witnesses, and the interests of justice. See § 1404(a). The court reasoned that the same factors showing that Indiana courts lacked personal jurisdiction over Farmers showed that the district court in Texas would be a more convenient forum. It also noted that Farmers demonstrated that it would be burdensome for it to litigate the case in Indiana while Wade failed to present similar arguments regarding a Texas forum. (R. at 77).
 
 
 7
 After the court denied Wade's motions to reconsider, he appealed both of these rulings. Because of the ambiguity created by the statutory citations in the district court's order and memorandum opinion, we begin by clarifying the statutory basis for the district court's rulings. Although the court's memorandum stated that it was transferring the case pursuant to § 1404(a), it also entered a separate order citing to 28 U.S.C. 1406(a) as the statute authorizing the transfer. (R. at 76). Equally confusing is the court's reference to 28 U.S.C. § 1631 in its memorandum opinion as the basis for, according to the court, "permit[ting] a court without proper venue to transfer a case rather than dismiss it." (R. at 77) (emphasis). Because the district court correctly noted that venue in Indiana was proper under 28 U.S.C. § 1391,[1] its reference to § 1406(a) is most likely a typographical error since that provision applies when venue is improper in the transferor court, while § 1404(a) authorizes transfers even from forums where venue is proper.[2] See Van Dusen v. Barrack, 376 U.S. 612, 634 (1964). Moreover, the court erred in stating that § 1631 permits transfers out of forums of improper venue. The court should have stated that the transfer was also authorized under § 1631 since it lacked personal jurisdiction over Farmers.[3] In sum, we construe the court's opinion as granting the motion to transfer either under § 1404(a) or under § 1631.
 
 
 8
 Whatever the basis for transfer or change of venue, Farmers argues that such orders are normally considered to be interlocutory, non-appealable orders. (Def.'s Br. at 6). Farmers thus urges us to dismiss this appeal for lack of appealability. Id. Wade contends that Farmers waived any appellate jurisdictional challenge by devoting the remaining portion of its brief to the merits of Wade's appeal. (Pl.'s Reply Br. at 7). We reject Wade's argument. This court has an independent obligation to assure itself that it has appellate jurisdiction even if the parties do not challenge it. See, e.g., Horwitz v. Alloy Automotive Co., 957 F.2d 1431, 1435 (7th Cir.1992).
 
 
 9
 Generally, an order transferring a civil action to another district--whether pursuant to § 1404(a), § 1406(a) or § 1631--is an interlocutory order that is not appealable unless the question has been certified for immediate appeal pursuant to § 1292(b). In re Joint Eastern & Southern Dists. Asbestos Litigation, 22 F.3d 755, 761-64 & n. 14 (7th Cir.1994); Ukiah Adventist Hosp. v. F.T.C., 981 F.2d 543, 546 (D.C.Cir.1992) (discussing the non-appealability of transfer orders pursuant to each of these provisions). Since no such certificate of immediate appealability was issued in this case, we must consider whether we have appellate jurisdiction over an appeal of a district court's transfer or change of venue order that is coupled with a dismissal order for lack of personal jurisdiction. Although, standing alone, the dismissal order for lack of personal jurisdiction could be considered final and appealable, see, e.g., Dehmlow v. Austin Fireworks, 963 F.2d 941, 944 (7th Cir.1992), several circuits have found appellate jurisdiction lacking when such dismissal orders are coupled with an order transferring the case to another court, and thereby, continuing the litigation. See FDIC v. McGlamery, 74 F.3d 218 (10th Cir.1996) (finding lack of federal appellate jurisdiction where court dismissed claims for lack of personal jurisdiction and ordered transfer of claims to federal court in another district); Chapple v. Levinsky, 961 F.2d 372 (2d Cir.1992) (finding no appellate jurisdiction over appeal from order dismissing complaint over three defendants for lack of personal jurisdiction and transferring the action against the fourth to another district court); Carteret Sav. Bank, FA v. Shushan, 919 F.2d 225, 229 (3d Cir.1990) (finding a lack of appellate jurisdiction over transfer order even when transfer was predicated upon the district court's conclusion that it lacked personal jurisdiction over the defendant). The court in Carteret expressly rejected the plaintiff's argument that appellate jurisdiction was sustainable by severing the transfer order from the dismissal order which, standing alone, was final. Id. The non-appealability of such combined orders was also acknowledged by this court in In re Moore, 776 F.2d 136 (7th Cir.1985). Although this court in Moore considered the appealability of discovery orders, we discussed the situation presented here and noted that such combination dismissal-transfer orders would be non-appealable. Id. at 139.
 
 
 10
 Even in absence of appellate jurisdiction, however, federal appellate courts have issued writs of mandamus to correct a district court's disposition of a § 1404(a) transfer motion for a clear abuse of discretion. See, e.g., In re Warrick, 70 F.3d 736, 740 (2d Cir.1995). Likewise, this circuit in Moore stated that situations like the one at issue here present a "classic case for mandamus."[4] Moore, 776 F.2d at 139; see also Hicks v. Duckworth, 856 F.2d 934, 935 (7th Cir.1988) (approving the use of mandamus jurisdiction to correct erroneous § 1404(a) transfers). We recently confirmed that transfer orders could be challenged by mandamus petitions, see In re Balsimo, 68 F.3d 185, 186 (7th Cir.1995), but noted that such petitions are "almost certain to fail" given the "breadth of the district court's discretion." Id. Nevertheless, we noted that "[a]ny order is subject to challenge by asking for a writ of mandamus if the order both imposes irreparable harm and can be shown to be so clearly wrong [by exceeding the bounds of judicial discretion] as to constitute a usurpative act by the judge." Id. (citing In re Rhone-Poulenc Rorer, Inc., 51 F.3d 1293, 1295 (7th Cir.1995)).
 
 
 11
 Farmers points out that Wade did not file a petition for mandamus and thus contends that we are unable to consider his arguments even under our mandamus power. (Def.'s Br. at 6). Even if we construe Wade's pro se notice of appeal as a petition for a writ of mandamus, as other circuits have done in similar circumstances, see Ukiah, 981 F.2d at 548 n. 6; Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1211 n. 6 (3d Cir.1991), cert. denied, 502 U.S. 908 (1991), mandamus relief is not warranted here since Wade cannot show clear error by the district judge[5].
 
 
 12
 Section 1404(a) lays out the factors that should be considered by the district judge in ordering a transfer of venue. It provides that a district court "[f]or the convenience of the parties and witnesses [and] in the interest of justice ... may transfer any civil action to any other district or division where it might have been brought." § 1404(a). Unlike in Balsimo, 68 F.3d at 187, where mandamus relief was warranted, the district judge below considered the appropriate factors in making its transfer ruling. Thus, we must consider whether the district court's weighing of the factors constituted an abuse of discretion. It did not. After stating that the "convenience of the parties is in near equipoise," the court noted that Wade did not show a substantial burden in litigating the case in Texas as had Farmers if the case remained in Indiana. (R. at 77). Wade now disputes this finding--but without pointing to any evidence of his burden--and argues that Farmers failed to sufficiently demonstrate its hardship and prejudice resulting from litigating the case in Indiana. (Pl.'s Br. at 25, 27). Contrary to Wade's argument, however, the record shows that Farmers presented a list of potential witnesses who resided in Texas, and therefore, would be inconvenienced by having to travel to Indiana. (R. at 60, Ex. B). Farmers also submitted that providing transportation for these witnesses would be financially burdensome. It is simply irrelevant that Farmers did not submit by affidavit that these "potential" witnesses would indeed be called. Moreover, there was no abuse of discretion in favoring the convenience of these potential witnesses who resided in Texas over that of officer Shenefield, who Wade claims is the "only relevant witness." (Pl.'s Br. at 26). The officer's convenience does not demand more consideration especially where the relevance of his testimony is questionable--since he could only testify to what Wade reported to him at the truck stop. Indeed, to the extent that the events surrounding the accident are relevant to the contract dispute, Horne, is the only relevant witness, and she is a resident of Texas not Indiana. Since the district court did not clearly abuse its discretion in weighing the § 1404(a) factors (convenience of the parties and witness and interest of justice) in Farmers' favor, this is not a case appropriate for mandamus relief. Thus, we DISMISS Wade's appeal of the rulings below for lack of appellate jurisdiction.[6]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Section 1391(2) allows for venue in Indiana since that is where "a substantial part of the events [the accident] ... giving rise to the claim occurred." § 1391(2)
 
 
 [2]
 Section 1406(a) provides for transfers to cure want of venue: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." § 1406(a)
 
 
 [3]
 Section 1631 provides for transfers to cure want of jurisdiction: "Whenever a civil action is filed in a [district] court ... and that court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed...." § 1631
 
 
 [4]
 This court in Moore found the case at present similar to the situation presented when a party appeals a decision of the district court to transfer certain discovery requests to another district court. Moore, 776 F.2d at 139
 
 
 [5]
 Arguably, the first condition for the grant of mandamus is satisfied since, if Wade is forced to proceed to trial in Texas, he and any of his witnesses will lose forever the benefits of pursuing the action where he chose to file it. However, since our decision does not leave him without any further means of review of the propriety of the transfer--a motion to retransfer the action may be made in the transferee court, see National Standard Co. v. Adamkus, 881 F.2d 352, 356 (7th Cir.1989), and he may raise the issue following final judgment--we doubt he can show "irreparable harm." In any event, we need not decide whether Wade will suffer irreparable harm if we decline to order mandamus relief since he has failed to show that he is clearly entitled to relief
 
 
 [6]
 We need not separately consider Wade's argument that the district court erred in dismissing his case for lack of personal jurisdiction (since Farmers allegedly "purposefully availed" itself of the benefits of Indiana law by using an agent in Indiana to settle its claims) even though this ruling is ordinarily subject to a de novo review, Klump v. Duffus, 71 F.3d 1368, 1370 (7th Cir.1995). The district judge was free to transfer the case pursuant to § 1404(a) even if did have personal jurisdiction over Farmers. See Goldlawn, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (finding that district courts may grant a petition to transfer under § 1404(a) or under § 1406(a) whether or not it had personal jurisdiction over the defendant). Thus, any error in citing to § 1631 as authorizing the transfer for lack of personal jurisdiction is without consequence. Contrary to Wades' argument then, this case is not controlled by Wilson v. Humphreys (Cayman) Ltd., 916 F.2d 1239 (7th Cir.1990), a case where we reviewed a challenge to a district court's ruling that it lacked personal jurisdiction over the defendant