**GALVA UNION ELEVATOR COMPANY et al., Plaintiffs,**

v.

**CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Defendant.**

**No. C 80–4009.**

United States District Court, N. D. Iowa, W. D.

Aug. 15, 1980.

David R. Crary, Sioux City, Iowa, for plaintiffs.

Frank W. Davis, Jr., Des Moines, Iowa, for defendant.

ORDER

O'BRIEN, District Judge.

The Court has before it defendant's motion to reconsider and defendant's resistance to motion for voluntary dismissal.

The plaintiff in this matter had filed a motion for voluntary dismissal without prejudice on February 13, 1980. Thereafter the Court entered an order on February 15, 1980 sustaining plaintiffs' motion. The order by the Court was inadvertently entered prior to the time in which defendant could respond to plaintiffs' motion for dismissal. For this reason, the Court held an oral hearing on defendant's motions. After fully considering defendant's motions, the Court denies said motions. However, the Court does grant the defendant certain relief as further discussed herein.

This matter was initially filed in the Iowa District Court for Ida County, and thereafter defendant removed this matter to this Court. Plaintiffs' petition sets forth eight counts. Defendant's petition for removal alleged two separate and distinct jurisdictional bases–diversity of citizenship and an action arising under an act of Congress regulating commerce, i. e., the Interstate Commerce Act.

Plaintiffs filed their motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2), which provides in part:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Defendant asserts in its resistance to the motion for voluntary dismissal that plaintiffs desire voluntary dismissal in order to allow them to recommence this action in state court and add resident defendants to defeat this Court's diversity jurisdiction. Defendant further asserts that even if the plaintiffs were allowed to defeat this Court's diversity jurisdiction, this Court would still have original jurisdiction in that this case involves the Interstate Commerce Act. Defendant alleges by its removing this case to this Court, it has gained a tactical and legal advantage which it did not previously have in state court in that it will now have the opportunity to litigate important questions of federal law in a federal court.

The Court is cognizant of plaintiffs' desire to litigate the case in the court of their choosing. This Court is not in a position to order the plaintiffs to litigate their lawsuit in a court in which they have no desire in which to proceed. If this matter were refiled in state court and if diversity of citizenship between the parties was then not present, the theory of the defendant is that the federal court would still be the proper forum in which to litigate this matter as it would involve the Interstate Commerce clause which would give a federal court original jurisdiction over such a matter. The plaintiffs contest this and the Court is not going to speculate as to whether or not a federal court would have jurisdiction of this matter under those circumstances.

The Court believes that Rule 41(a)(2) is quite clear that the Court may enter an order dismissing an action without prejudice upon any "terms and conditions as the court deems proper." The Court believes that this provision provides the Court with the proper remedy in which to protect defendant. In 9 Miller & Wright, *Federal Practice and Procedure: Civil*, § 23366, the following appears at pages 178–9:

In imposing conditions the court is not limited to taxable costs, but may require the plaintiff to compensate for all the expense to which his adversary has been put. The court may require plaintiff to pay the defendant's attorney's fees as well as other costs and disbursements.

Accordingly, the Court believes that the plaintiffs' motion for dismissal and subsequent order of the Court dated February 15, 1980 should remain intact. However, the Court does believe that defendant should be entitled to certain costs and certain attorney fees for their time and effort spent in removing this matter to federal court and in resisting plaintiffs' motion for voluntary dismissal. The Court believes that defendant should be awarded $60.00 for the filing fee herein, $20.00 for the removal bond and $1,000.00 for attorney

fees.[1] This order is conditioned on payment of such costs to the defendant. *Therefore, the Court will not sustain the defendant's resistance to plaintiffs' motion for dismissal without prejudice unless the plaintiff, on or before September 10, 1980, pays to the Clerk of this Court the sum of $60.00 for the filing fee herein, $20.00 for the removal bond, and $1,000.00 for defendant's attorney fees.* If the plaintiffs shall fail within the time specified to make said payments, the action shall not be dismissed and the Court shall enter an order amending its previous order dismissing this action.

The plaintiffs may conclude to discontinue the prosecution of this matter completely and therefore the Court will allow plaintiffs in the alternative to file herein on or before September 10, 1980 a voluntary dismissal with prejudice of this case. In such an event plaintiffs will not be liable to defendant for any attorney fees, but will be responsible for ordinary taxable costs upon payment of these costs prior to September 10, 1980. This matter will stand dismissed with prejudice and a subsequent order showing said dismissal with prejudice will be entered by the Court. For all the foregoing reasons,

IT IS ORDERED that defendant's resistance to plaintiffs' motion for voluntary dismissal without prejudice is conditionally denied.

IT IS FURTHER ORDERED that the entry of the plaintiffs' voluntary dismissal without prejudice is conditioned upon the plaintiffs' paying to the Clerk of this Court $60.00 for the filing fee herein, $20.00 for the removal bond, and $1,000.00 for attorney fees, said amounts to be paid to the Clerk on or before September 10, 1980 as further explained in the body of this order.

IT IS FURTHER ORDERED that if plaintiffs conclude to finally dismiss this matter with prejudice, plaintiffs shall pay to the Clerk of Court $60.00 for the filing fee herein and $20.00 for the removal bond and shall not be liable to the defendant for

any attorney fees. In such an event, the Court shall enter a further order dismissing this matter with prejudice.

A further order in this cause consistent with the situation at the time will be entered shortly after September 10, 1980.

---

1. The evidence shows that defendant has expended in excess of $2,000.00 for attorney fees and expenses. However, the Court feels that under these circumstances, the sum of $1,000.00 would be more equitable.