**Antowyn CAULEY, Plaintiff-Appellant,**

v.

**John WILSON, Defendant-Appellee.**

No. 84–1134.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 9, 1984.

Decided Feb. 13, 1985.

---

**2.** I agree that the ineffective assistance of appellate counsel argument has been waived.

Lawrence B. Ordower, Ordower & Ordower, Chicago, Ill., for plaintiff-appellant.

Mary Kay Rochford, Asst. Corp. Counsel, Chicago, Ill., for defendant-appellee.

Before WOOD and CUDAHY, Circuit Judges, and WISDOM, Senior Circuit Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff-appellant Antowyn Cauley appeals from a district court order awarding $7,500 in attorney's fees to defendant John Wilson. We affirm the district court's decision to condition the plaintiff's voluntary dismissal on the payment of attorney's fees, but because the defendant failed to offer sufficiently detailed proof of the fees incurred, we remand to the district court for a new determination of fees.

Cauley filed his initial complaint in this suit on April 1, 1975. That complaint alleged that on August 7, 1974, Chicago Police Officer John Wilson shot plaintiff Antowyn Cauley and that Wilson and other unnamed officers then arrested Cauley, assaulted him, and falsely imprisoned him. The complaint named the City of Chicago, Acting Police Superintendent James Rochford, Police Officer John Wilson, and other unnamed police officers as defendants.

More than seven years passed before the case was ready for trial. During that time, the district court dismissed the complaint as to the Superintendent, the plaintiff filed an amended complaint again naming the Superintendent, and the district court then granted summary judgment for the Superintendent. From March, 1980 until October, 1982, the case was placed on military hold while Cauley served in the United States Navy. With the trial finally set for November 15, 1982, the defendants moved on November 3, 1982 for a dismissal of the claim against the unnamed officers and, citing *Powe v. City of Chicago*, 664 F.2d 639 (7th Cir.1981), for summary judgment

in favor of the City of Chicago. The district court granted both motions on November 12, 1982, and the plaintiff's attorney then made an oral motion for a Rule 41(a)(2) voluntary dismissal without prejudice of the action against the sole remaining defendant, John Wilson. The court granted the dismissal motion and, at the same hearing, granted Wilson's attorney's request to file a memorandum in support of a request for attorney's fees. Wilson subsequently requested fees of $14,500, of which the court awarded $7,500.

I.

■ Before addressing the attorney's fees issue, we must consider whether the plaintiff can bring this appeal. Generally, a plaintiff may not appeal an order of voluntary dismissal without prejudice because the dismissal is the relief that the plaintiff requested. *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir.1976). There is a conflict among the circuits, however, as to whether a plaintiff can appeal an attorney's fees award on which a court conditions a Rule 41(a)(2) dismissal. The majority approach allows appeal only if the conditions imposed on the dismissal "legally prejudice" the plaintiff. *See Bowers v. St. Louis Southwestern Railway*, 668 F.2d 369, 370 (8th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982); *LeCompte*, 528 F.2d at 603; *Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 700 (6th Cir.1964). Following this approach, the Fifth Circuit suggested that there "will be cases in which the amount of money set as the price of a voluntary dismissal without prejudice is so clearly unreasonable as to amount to appealable 'legal prejudice,'" but held that attorneys' fees of $44,000 did not constitute such prejudice. *Yoffe v. Keller Industries, Inc.*, 580 F.2d 126, 131 (5th Cir.1978), *cert. denied*, 440 U.S. 915, 99 S.Ct. 1231, 59 L.Ed.2d 464 (1979). The District of Columbia Circuit, on the other

---

* The Honorable John Minor Wisdom, Senior Circuit Judge of the Fifth Circuit, is sitting by designation.

hand, has taken jurisdiction of appeals of fees awards but has limited its review to whether the district court abused its discretion in awarding attorneys' fees. *GAF Corp. v. Transamerica Insurance Co.*, 665 F.2d 364, 367–68 (D.C.Cir.1981). Our circuit has not yet addressed the issue.

■ We believe that—at least in cases in which a plaintiff requests a dismissal in order to proceed in state court—the District of Columbia Circuit approach provides the sounder rule. We agree that a plaintiff may not appeal an unconditional, voluntary dismissal without prejudice; a plaintiff has no rational reason to appeal such an order. It also seems reasonable that a plaintiff may not appeal a condition that the suit may only be refiled in a specified state or federal court, especially when the plaintiff does not oppose the condition in the district court. *See Bowers*, 668 F.2d at 370. *But cf. LeCompte*, 528 F.2d at 604. Nonetheless, a plaintiff may understand that the dismissal without prejudice is conditioned on paying attorneys' fees yet disagree with the amount of fees awarded.[1] Thus an order awarding attorneys' fees may qualify as an involuntary adverse judgment even though the plaintiff requested and received the Rule 41(a)(2) dismissal. *But cf.* 5 Moore's Federal Practice ¶ 41.05[3] (2nd ed. 1984). The appellate court should be able to decide whether the district court abused its discretion in awarding fees and, because Cauley is now bringing his action against all three defendants in state court, this is his only opportunity to appeal the fees award. *But see Yoffe*, 580 F.2d at 131 n. 13 (plaintiff can refuse to pay, receive a dismissal with prejudice, and then appeal that dismissal).

Furthermore, the Fifth and Sixth Circuits also consider whether the district court abused its discretion in awarding fees, but those circuits have tucked the attorneys' fees issue into the "legal prejudice" aspect of their jurisdictional analysis. For example, in *Yoffe*, the Fifth Circuit found that the $44,000 attorneys' fees award was not so unreasonable as to constitute legal prejudice and concluded that no appellate jurisdiction existed. 580 F.2d at 130–31 & n. 12. Similarly, when the Sixth Circuit held in *Scholl* that the plaintiff could not appeal from a dismissal without prejudice, the court noted that the attorneys' fees award was not unreasonable. 327 F.2d at 700. Thus, both of these decisions consider the reasonableness of the fees award in deciding whether the plaintiff can appeal. Rather than intertwine the jurisdictional and fees issues, we prefer to take jurisdiction and then to decide whether the district court abused its discretion in awarding fees.

## II.

■ Rule 41(a)(2) permits the district court to condition a voluntary dismissal without prejudice on payment of attorneys' fees to the defendant. Fed.R.Civ.P. 41(a)(2); *see Yoffe*, 580 F.2d at 129. In the present case, the plaintiff argues that the fees were not a "term or condition" because the district court dismissed the action before the defendant asked for fees and that the plaintiff may not have accepted the dismissal if he had known it was conditioned on paying attorney's fees. We find both arguments unconvincing. The defendant moved for attorney's fees at the same hearing that the district court granted the plaintiff's oral motion for dismissal without prejudice. If the plaintiff preferred maintaining his action in federal court against one defendant to a dismissal conditioned on attorney's fees, the plaintiff should have objected or asked to reinstate his complaint when Wilson's attorney moved for attorney's fees. Perhaps the district court should have explicitly stated that attorney's fees were a condition of the dismissal without prejudice, but, in any event, we believe that the plaintiff's attorney should have realized that the fees were an implicit condition of the dismissal.

---

1. In the district court the plaintiff contested the fees request on several grounds, arguing that the itemization was insufficient and that the City of Chicago, and not Wilson, paid for the attorney.

The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused. *See Galva Union Elevator Co. v. Chicago and North Western Transportation Co.,* 498 F.Supp. 26, 27–28 (N.D.Iowa 1980); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2366, at 178–80 (1971). Fees are not awarded when a plaintiff obtains a dismissal *with prejudice* because the "defendant cannot be made to defend again." *Smoot v. Fox,* 353 F.2d 830, 833 (6th Cir.1965), *cert. denied sub. nom. League of Women Voters v. Smoot,* 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1966). In the case of a dismissal *without prejudice,* however, the defendant may have to defend again at a later time and incur duplicative legal expenses. *Id.* Thus the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim. *See McLaughlin v. Cheshire,* 676 F.2d 855, 857 (D.C.Cir.1982); *Victory Beauty Supply, Inc. v. Lamaur, Inc.,* 98 F.R.D. 306, 309 (N.D.Ill.1983). We will apply these general standards to the fees awarded in this case, although we will affirm the fees award unless the award constitutes an abuse of discretion by the district court. *GAF Corp.,* 665 F.2d at 368.

The plaintiff argues that a fees award of $7,500 cannot reasonably be based on the itemization of services provided by defendant's attorney. Wilson's attorney submitted a two-page affidavit and a one-page itemization of attorney's fees which stated that the attorney spent twenty-five hours on researching, drafting, and filing pleadings, eighty hours on discovery, and forty hours on trial preparation. Charging $100 per hour, Wilson's attorney requested an award of $14,500; the district court awarded $7,500. The showing is inadequate to support either amount.

We think the plaintiff's criticism is well-founded. We would expect more documentary evidence (*e.g.,* billing statements submitted by counsel to the City, time sheets, etc.) than the sketchy itemization provided here in order to allow the district court to determine reasonable attorney's fees. *See, e.g., Yoffe,* 580 F.2d at 128 (district court heard testimony of lawyers and considered bills to clients, time sheets, and computer printouts of time spent). Counsel stated at oral argument that she has more detailed records at her office.[2] We also question, although we leave for the district court to determine on remand, whether a lawyer less than three years out of law school was justified in charging $100 per hour in 1975 when defendant Wilson filed his original answer. Since the defendant's request for attorney's fees lacked sufficient detail to permit the district court to determine a reasonable award, we remand the case to the district court to receive additional evidence and to reconsider the fees issue. *See GAF Corp.,* 665 F.2d at 370.

In addition, some of the work product of Wilson's attorney may be useful in the state court proceedings and therefore not compensable. The plaintiff sought a dismissal without prejudice because the district court's rulings in favor of the Superintendent and the City on the federal section 1983 claims eliminated the court's pendent jurisdiction over the state claims against the Superintendent and the City. With Wilson left as the only defendant in federal court, Cauley would have had to proceed against Wilson in federal court and then bring an action in state court against the Superintendent and the City. The plaintiff chose instead to obtain a dismissal without prejudice in federal court and proceed against all three defendants in state court. Since the state court action presumably alleges both the federal and state claims against Wilson, Wilson's attorney should be able to use much of the research and

---

2. The City of Chicago hired an attorney in private practice to represent both the City and Wilson in this litigation. That attorney submitted bills to the City of Chicago. The City's Corporation Counsel represented Wilson on appeal.

discovery from the federal suit in defending the same claims in state court. *See Galva Union Elevator Co.*, 498 F.Supp. at 27–28. On remand the district court should therefore not award attorney's fees for expenses incurred in research, discovery, or preparation that will be useful to Wilson in defending the action in state court. *See Kern v. TXO Production Corp.*, 738 F.2d 968, 972–73 (8th Cir.1984); *GAF Corp.*, 665 F.2d at 369–70.

For the foregoing reasons, the order of the district court is vacated and the case is remanded for a determination of reasonable attorney's fees.