**HIGHLAND REALTY, INC., Appellant**
**(Plaintiff Below),**

v.

**INDIANAPOLIS AIRPORT**
**AUTHORITY, Appellee**
**(Defendant Below).**

No. 12S02–9012–CV–778.

Supreme Court of Indiana.

Dec. 13, 1990.

Stephen Speicher, Lincoln, Neb., for appellant.

Frederic C. Sipe, William L. Schlosser, Sipe, Pankow, Han & Free, Indianapolis,

Gene R. Robbins, Morrison, Robbins & Shaffer, Frankfort, for appellee.

SHEPARD, Chief Justice.

The issue presented is whether Indiana Trial Rule 41(A)(2) allows a trial court to condition a plaintiff's voluntary dismissal without prejudice on the payment of a defendant's attorney's fees. We hold that it does.

Highland Realty owns and operates a mobile home park adjacent to the Indianapolis International Airport. On January 4, 1983, Highland filed suit against the Indianapolis Airport Authority (IAA), the municipal corporation which maintains and operates the airport. Highland sought damages for aircraft noise and overflights under theories of inverse condemnation, nuisance, trespass, breach of implied contract, violation of civil rights, and slander of title.

In June 1984, the trial court granted summary judgment to IAA on the contract, civil rights, and slander of title claims. Three years and four months later in October 1987, the court granted summary judgment to IAA on the nuisance and trespass claims. With only the inverse condemnation count remaining, the trial court set June 7, 1988, as the trial date.

Three months before trial, in April 1988, the trial court issued a two-part order granting IAA's motion to strike four expert witnesses whom Highland had failed to include on its witness list and denying Highland's motion to amend its complaint. Subsequently, on May 19, 1988, Highland requested a voluntary dismissal of its action, without prejudice, pursuant to T.R. 41(A)(2).

The trial court held a hearing on the request for dismissal on June 2, 1988, and dismissed the action the next day with the following order:

> Plaintiff filed its Notice of Dismissal on May 19, 1988, in a cause that it commenced January 4, 1983, and which is set for trial on June 7, 1988. Plaintiff asserts that when this cause is dismissed it will be immediately refiled and defendant will not be prejudiced.

This lawsuit has been pending for over five years, been in three counties and had three different lead counsel for plaintiff while in this county. Counsel for plaintiff, on the eve of trial, proposes to pay court costs, call it a day and start over again tomorrow. Such is not proper under Trial Rule 42(A)(2) [sic]. To achieve the propriety contemplated under T.R. 42(A)(2) [sic] this Court deems it proper for plaintiff to reimburse defendant for the cost of the five year exercise it has occasioned.

It is not contemplated that the ultimate dismissal of this cause will negate the amount ordered, adjudged and decreed payable to defendant from plaintiff in that such payment is necessary to effectuate the propriety of T.R. 42(A)(2) [sic] and without such payment the dismissal of this cause should not be without prejudice.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that defendant Indianapolis Airport Authority shall receive from plaintiff Highland Realty, Inc. the sum of $143,586.06 to recompense defendant for the expenses it incurred as a result of this action which plaintiff now wishes to dismiss.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that after making such award to defendant in the form of an order and judgment so as to make the dismissal without prejudice proper under Trial Rule 42(A)(2) [sic] this cause is dismissed without prejudice.

Record at 288–89.

Highland filed a motion to correct errors, and the trial court held a hearing on that motion on September 30, 1988. On October 3, 1988, the court issued a new order reducing the attorney's fees award to $140,989.81. Highland filed a supersedeas bond to stay the execution of the judgment pending appeal.

The Court of Appeals held that the trial court erred when it ordered Highland to pay IAA's attorney's fees. *Highland Realty, Inc. v. Indianapolis Airport Authority* (1990), Ind.App., 551 N.E.2d 1176. We grant transfer and affirm the judgment of the trial court.

■ Indiana Trial Rule 41(A)(2) states in pertinent part: "Except as provided in subsection (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." This rule is substantially identical to Rule 41(a)(2) of the Federal Rules of Civil Procedure. When applying that rule, federal courts have repeatedly said that an order requiring the plaintiff to pay the defendant's attorney's fees is an acceptable term or condition of voluntary dismissal. *See, e.g., Cauley v. Wilson*, 754 F.2d 769 (7th Cir. 1985); *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364 (D.C.Cir.1981); *Yoffe v. Keller Industries*, 580 F.2d 126, 129 n. 9 (5th Cir.1978), *cert. denied*, 440 U.S. 915, 99 S.Ct. 1231, 59 L.Ed.2d 464 (1979).

We agree with the federal courts' interpretation. Provisions in rules, like those in statutes, are presumed to have meaning. The "terms and conditions" clause in T.R. 41(A)(2) certainly conveys upon the trial judge authority to exercise his or her discretion and impose conditions on a dismissal. We conclude this discretion may be exercised to assure that a dismissal does not prejudice or unfairly inconvenience the defendant. *Cf. GAF Corp.*, 665 F.2d at 367. Requiring the plaintiff to reimburse the defendant for attorney's fees before voluntary dismissal in a case like this one, where litigation has been long and costly, is simply a means of protecting the defendant from the consequences of the plaintiff's choice to run up the legal services bill, then walk away and wait for a better day to refile its suit. We hold that a trial court may properly condition a plaintiff's voluntary dismissal without prejudice on the payment of a defendant's attorney's fees under T.R. 41(A)(2). The trial judge here gave the plaintiff the opportunity to choose the outcome: dismissal without prejudice after payment of fees or dismissal with prejudice free of charge.

Highland argues that if the trial court properly awarded attorney's fees in this case, the amount awarded was too large.

■ This argument leads us to a threshold question: does Highland, the party requesting the voluntary dismissal, have the right to appeal the amount of attorney's fees awarded as a condition of that dismissal? The federal courts of appeal disagree about whether a plaintiff may appeal an award of attorney's fees upon which a Rule 41(a)(2) voluntary dismissal has been conditioned. *See Cauley v. Wilson*, 754 F.2d at 770–71. Because voluntary dismissal is the relief that the plaintiff requested, the majority of courts allow appeal only if the conditions imposed on the dismissal "legally prejudice" the plaintiff. *Cauley*, 754 F.2d at 770. In other words, if the amount of money awarded for attorney's fees is so clearly unreasonable as to amount to legal prejudice then the appeal will be allowed. If the amount is not so clearly unreasonable as to constitute legal prejudice, however, the appeal will be dismissed. *Id.* (citing *Yoffe*, 580 F.2d at 131).

The minority position on this question is reflected in the D.C. Circuit's decision in *GAF Corp.* and the Seventh Circuit's opinion in *Cauley*. Those courts elected to take jurisdiction over each attorney's fees appeal and then decide whether the district court abused its discretion in awarding unreasonably high fees. *Cauley*, 754 F.2d at 771. Under this approach, if a plaintiff disagrees with the amount of fees awarded, the award automatically turns into an appealable involuntary adverse judgment despite the fact that the plaintiff requested and received the Rule 41(a)(2) dismissal. *Id.*

We think that *GAF Corp.* and *Cauley* represent the better approach. We see no reason to intertwine jurisdictional questions and fee issues when the underlying question in every case is whether the fee award was unreasonable. Appellate courts in Indiana will take jurisdiction of T.R. 41(A)(2) fee award appeals and decide in each case whether the trial court abused its discretion by awarding unreasonably high attorney's fees.

■ Accepting that Highland may appeal the amount of fees set by the trial court, we now turn to consider the appropriate way of measuring what attorney's fees may be awarded. The Seventh Circuit said the following in *Cauley:*

> The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused.... Thus the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim.

754 F.2d at 772 (citations omitted). The standard for appellate review of a trial court's award is abuse of discretion. *Id.*

In this case, the trial court originally based the fee award on information contained in a one-page affidavit filed by Frederic Sipe, one of IAA's attorneys. Record at 289, 291. Highland filed a motion to correct errors which prompted the court to hold an extensive hearing on the attorney's fees issue. Prior to the hearing, IAA produced 254 pages of detailed billing statements covering the entire five-year history of the litigation between the parties. IAA also produced ten handwritten pages on which William Schlosser, another of IAA's attorneys, had summarized the portions of the billing statements for which IAA sought reimbursement. The statements and summaries were admitted into evidence at the hearing, and Schlosser testified about the billing procedures he used. Highland's counsel cross-examined Schlosser extensively about the items he included in the total cost of litigation. Highland itself did not present any testimony, expert or otherwise, to contradict the evidence presented by IAA. At the end of the hearing, the trial court concluded that Schlosser had erroneously included approximately $2600 in the total cost. Consequently, in its order on the motion to correct errors, the trial court reduced the fee award from $143,586.06 to $140,989.81. Record at 355.

IAA met its burden. The records and testimony clearly proved that $140,989.81 in fees were actually generated by IAA's

attorneys during the five years of hotly contested litigation in this case. Highland's request for dismissal declared that it wished to pursue a new and broader claim against IAA and that this claim would be based on newly developed evidence. Thus, it seems likely that IAA would lose use of much of the considerable effort expended in preparing for the litigation that was dismissed. Against IAA's showing of what it lost, Highland mounted a serious contest only against some time claimed by IAA which it actually spent on a case in federal court. The trial court subtracted these amounts from IAA's claimed fees. The trial court did not abuse its discretion in determining the amount of the attorney's fees awarded.

We vacate the Court of Appeals' opinion and affirm the trial court's order.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.