**David A. RICHARDS,
Plaintiff–Appellant,**

v.

**FIRESTONE TIRE & RUBBER COMPANY, Defendant–Appellee.**

**No. 90–1487.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 10, 1991.

Decided March 28, 1991.

Mark R. Maritote, Florence L. Bain, Kanoski & Associates, Springfield, Ill., for plaintiff-appellant.

Stephen R. Kaufmann, Sorling, Northrup, Hanna, Cullen & Cochran, Springfield, Ill., Frances E. Prell, Julie P. Shelton, Colin Smith, Thomas Woodrow, Burke, Bosselman & Weaver, Chicago, Ill., for defendant-appellee.

Before CUDAHY and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

The appellant David A. Richards ("Richards") in essence challenges a discovery order that bars his tardy addition of an expert witness. Such pretrial orders are appealable only after a final judgment decides the case on the merits. The District Court has not decided the merits in this case, so we dismiss the appeal for lack of jurisdiction.

*Discussion*

As part of discovery in this case, Richards sought to name an additional expert witness three months after the cut off date contained in the Magistrate's pretrial scheduling order. The Magistrate refused to allow this late addition. Richards then asked the District Court to dismiss his case without prejudice under Fed.R.Civ.P. 41. His hope was to avoid "any limitation upon naming of expert witnesses" by starting his case anew. Richard's Brief, p. 12.

The District Court rejected this attempt "to skirt the Magistrate's scheduling order." District Court Order (January 30, 1990), p. 4. It granted the dismissal that Richards sought, but added the conditions that (1) Richards may refile his case only in the District Court, (2) all orders issued so far will remain in effect in any subsequent suit, and (3) in particular, the order barring Richards from his late addition of an expert witness will remain in effect. *Id.*, at 5. Richards challenges only the third of these conditions, that the discovery sanction against him will remain in effect.

This Court has jurisdiction to hear this appeal only if Richards challenges a "final decision" of the district court under 28 U.S.C. § 1291, or a decision that comes within one of the narrow exceptions to this provision, none of which are at issue here. A final decision is "one that 'ends the litigation on the merits and leaves nothing for the court to do but execute judgment.'" *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 374–75, 107 S.Ct. 1177, 1181, 94 L.Ed.2d 389 (1987), *quoting Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945); *see United States v. Ettrick Wood Products, Inc.,* 916 F.2d 1211, 1218 (7th Cir. 1990) (stating that the district court's decision must "leave nothing to be decided" to be final); *Peters v. Welsh Development Agency,* 920 F.2d 438, 440 (7th Cir.1990) ("[T]he case in the District Court ... [must be] over" to support finality). The present case obviously is not over on the merits. The District Court's order of dismissal does no more than put this case on hold until Richards decides to continue to trial.

The conclusion that we lack jurisdiction makes practical sense. Richards' real dispute is about a discovery order, and "the finality doctrine protects the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue interference." *Stringfellow*, 480 U.S. at 380, 107 S.Ct. at 1184. Avoiding piecemeal appeals in this case will also conserve the resources of the parties and this Court, especially if, as often happens, subsequent events in this litigation moot the current issues. *See id.; Petition of Moore*, 776 F.2d 136, 139 (7th Cir.1985).

Richards wrongly thinks that our decision in *Cauley v. Wilson*, 754 F.2d 769 (7th Cir.1985) supports jurisdiction. In *Cauley*, the plaintiff asked for voluntary dismissal of his case so he could proceed in state court instead. The district court granted the request, but required the plaintiff to pay the defendants' attorneys' fees. The case was thus over in the district court. This Court properly found that it had jurisdiction because the plaintiff would have had no other opportunity to appeal the fee award. *See id.*, at 771. *Cauley* illustrates the principle that "an order that ends litigation in one dispute-resolution system is final and appealable even though it kicks off litigation in another." *Disher v. Information Resources, Inc.*, 873 F.2d 136, 139 (7th Cir.1989). Richards' case is not over in the District Court, and he retains his right to appeal that court's eventual judgment, so *Cauley* does nothing to support jurisdiction of his appeal.

In short, the District Court has not reached a final decision in this case. Richards' appeal is DISMISSED for lack of jurisdiction.[1]

---

**1.** We note that Richards is wrong to think that a decision on the current record would aid his case. Richards must show that the District Court abused its discretion in imposing its discovery sanction. *See, e.g., Blumenfeld v. Stuppi*, 921 F.2d 116, 117 (7th Cir.1990). Yet Richards failed to inform the District Court, or include in the record, any description of what the expert he wants to add would say at trial, much less show how this testimony fits into his case. Without this showing, Richards has essentially no basis for attacking the District Court's decision. On the merits, then, Richards' argument fails to leave the starting block.