UNITED STATES of America, Plaintiff,

v.

**COUNTY OF OCONTO, WISCONSIN and County of Oconto Board of Supervisors, Defendants.**

Civ. A. No. 90–C–807.

United States District Court, E.D. Wisconsin.

Nov. 25, 1991.

---

**18**

John E. Fryatt, U.S. Atty., & Eugenia Esch, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

James R. Scott, Lindner & Marsack, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

### BACKGROUND

On August 15, 1990, plaintiff United States of America ("the government") filed the above-captioned employment discrimination action alleging that the defendants County of Oconto, Wisconsin, and County of Oconto Board of Supervisors ("Oconto County") have discriminated against Todd Heider ("Heider"), a Native American, on a number of occasions in violation of Title VII of the Civil Rights Act of 1964.

This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1345 because this action was commenced by the United States, and pursuant to the jurisdictional provision of Title VII, 42 U.S.C. § 2000e-5(f)(3). Venue is proper in this court pursuant to 42 U.S.C. § 2000e-5(f)(3), which provides that an action may be brought in any district in the state in which the unlawful employment practice is alleged to have been committed.

Presently before this court is the government's September 19, 1991 motion to dismiss this action. As discussed below, this court grants plaintiff's motion to dismiss.

### DISCUSSION

After concluding discovery in this action, the government has moved this court to dismiss the complaint pursuant to Fed. R.Civ.P. 41(a)(2), which provides that a court, at the plaintiff's request, may order dismissal of an action "upon such terms and conditions as the court deems proper."

On October 2, 1991, Oconto County filed its responsive brief, requesting that if this court dismisses this action without prejudice, this court should award Oconto County its statutory costs and reasonable attorneys' fees. Oconto County argues that this action should also be dismissed as to Heider. Oconto County states that no attorneys' fees should be awarded if the dismissal is with prejudice as to both the government and Heider.

In its October 22, 1991 reply brief, the government states that it does not object to a dismissal with prejudice as to itself. The government also states that it "has no objection to paying costs upon a properly filed statement of reasonable costs" but objects to paying attorneys' fees (Oct. 22, 1991 Brief at 1).

■ This court will grant the government's motion and dismiss this action with prejudice as to the government. This court

will not dismiss this action against Heider as urged by Oconto County. While 42 U.S.C. § 2000e–5(f) provides that Heider could have intervened in this action, he did not. Heider is not a party to this action, and Oconto County has cited no authority which would give this court the power to dismiss this action against a nonparty.

■ Because this court is dismissing this action with prejudice, Oconto County is not entitled to attorneys' fees. *See Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir.1985). This court will award Oconto County reasonable costs because the government is willing to pay such costs.

IT IS THEREFORE ORDERED that plaintiff United States of America's September 19, 1991 motion to dismiss is GRANTED and this action is DISMISSED WITH PREJUDICE as to the plaintiff.

IT IS FURTHER ORDERED that the plaintiff United States of America pay defendants County of Oconto, Wisconsin, and County of Oconto Board of Supervisors' reasonable costs.