


FILED

Mar 04 2025, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Hartford Iron & Metal, Inc.,

*Appellant-Plaintiff*

v.

August Mack Environmental Inc., et al.,

*Appellee-Defendants*

---

March 4, 2025

Court of Appeals Case No.
24A-MI-1534

Appeal from the Marion Superior Court

The Honorable James A. Joven, Judge

Trial Court Cause No.
49D13-1405-MI-17046

---

## Opinion by Judge DeBoer

Judges May and Tavitas concur.

**DeBoer, Judge.**

## Case Summary

[1] Since our state's founding, the Indiana Constitution has required justice to be administered "without delay." IND. CONST. ART. 1, § 12. Few would have imagined that the environmental cleanup of Hartford Iron & Metal, Inc.'s ("Hartford Iron") scrapyard in a small town in Indiana would result in a decade-long protracted legal battle fought in federal and state courts. The parties' main stumbling block was the application of an arbitration provision in a Consultant Agreement[1] between Hartford Iron's insurer and the remediation company, August Mack Environmental Inc. and Environmental Field Services, Inc. (collectively, "August Mack"), to which Hartford Iron was a third-party beneficiary. When Hartford Iron obstructed the remediation work, its insurer filed a federal suit against Hartford Iron, who in turn filed third-party claims against August Mack. August Mack moved to compel arbitration, but the federal district court dismissed Hartford Iron's third-party claims based on improper venue.

---

[1] For purposes of this opinion, the Consultant Agreement is comprised of a set of documents, including the "'Terms and Conditions' along with the Master Services Agreement and proposal." *Appellant's App. Vol.* 2 at 45

[2] On May 22, 2014, Hartford Iron brought the instant suit against its insurance company and August Mack seeking state remedies for the perceived faulty environmental work at its scrapyard. Little occurred in the case between 2014 and 2017, when the trial court ordered Hartford Iron to initiate arbitration on its claims against August Mack. Again, years passed without Hartford Iron commencing arbitration, until 2023, when both parties filed competing motions to dismiss the claims. August Mack advocated for a dismissal for failure to prosecute with prejudice under Indiana Trial Rule 41(E), while Hartford Iron moved to voluntarily dismiss its claims against August Mack without prejudice under Indiana Trial Rule 41(A)(1). This latest chapter in the saga also appears to be its final one, as the trial court dismissed Hartford Iron's claims against August Mack with prejudice pursuant to Indiana Trial Rule 41(A)(2).

[3] Hartford Iron appeals the trial court's ruling. Stripped to its dispositive core, this case is premised entirely on a procedural determination: whether the trial court abused its discretion by dismissing Hartford Iron's claims with prejudice after Hartford Iron failed to comply with the order to arbitrate its claims and later petitioned the trial court for a voluntary dismissal under Indiana Trial Rule 41(A)(1). Finding no abuse of discretion, we affirm the trial court's dismissal of the case with prejudice.

## Facts and Procedural History

[4] Hartford Iron is a small-town, family-owned scrapyard business in its third generation of ownership. Over the years, the scrapyard developed a series of

environmental problems, most notably rainwater picking up chemicals from the scrapyard soil and flowing off the property as contaminated stormwater. In 2011, the Indiana Department of Environmental Management ("IDEM") and the federal Environmental Protection Agency ("EPA") brought enforcement actions compelling Hartford Iron to remediate the site, particularly the stormwater discharge problem.

[5] For decades, Valley Forge Insurance Company ("Valley Forge") issued liability insurance policies to Hartford Iron's scrapyard business. As a result of IDEM's and EPA's enforcement and various regulatory actions, Hartford Iron and Valley Forge entered into a Second Settlement Agreement[2] on December 4, 2012, obligating Valley Forge to pay for the remediation of the site and to defend against the regulatory actions. On December 12, 2012, Valley Forge hired and agreed to pay the environmental consulting firm August Mack to perform the actual site remediation work at Hartford Iron's scrapyard. Valley Forge and August Mack entered into a Consultant Agreement, and while Hartford Iron was not a party to this agreement, Hartford Iron identified itself as a third-party beneficiary.

[6] Remediation work did not go smoothly, with Valley Forge alleging that August Mack's work made the site's condition worse and created new regulatory

---

[2] In the Second Settlement Agreement, Hartford Iron and Valley Forge attempted to resolve their insurance coverage dispute.

liabilities. On January 10, 2014, Valley Forge filed a breach of contract claim and various declaratory judgment claims against Hartford Iron in the federal district court. *See Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, 1:14-CV-6-RLM-SLC, 2016 WL 2755462 (Ind. N.D. Jan. 10, 2014). In response, Hartford Iron filed twenty-one third-party claims against August Mack, blaming August Mack for defective environmental cleanup efforts and other inappropriate conduct in connection with the remediation of the scrapyard.

[7] On May 22, 2014, while the federal case was pending, Hartford Iron brought the instant suit against Valley Forge and August Mack seeking state remedies for faulty environmental work at its scrapyard. On July 22, 2014, August Mack moved to dismiss Hartford Iron's claims and compel it to arbitration based on the arbitration clause in the Consultant Agreement to which Hartford Iron was a third-party beneficiary. Shortly thereafter, on September 9, 2014, the trial court stayed the case pending resolution of the related federal lawsuit initiated by Valley Forge.

[8] On May 12, 2016, the federal district court dismissed Hartford Iron's third-party claims against August Mack based on improper venue. Because Hartford Iron "correctly identifie[d] itself as a third-party beneficiary and [sought] to enforce" the Consultant Agreement "on that basis[,]" the district court determined that Hartford Iron "is bound by all the contract's provisions – including any valid and enforceable forum selection clause." *Appellant's App. Vol. 2* at 66. The federal district court acknowledged the validity of the

Consultant Agreement's arbitration clause to govern the dispute between Hartford Iron and August Mack but declined to "decide whether arbitration is mandatory, so the court's conclusion that venue is improper render[ed] August Mack's motion to compel arbitration moot." *Appellant's App. Vol. 2* at 77.

[9] Despite the fact that Hartford Iron's third-party claims against August Mack were dismissed in the federal district court, the state court case remained largely dormant until 2017. On January 26, 2017, the trial court partially lifted the stay for the limited purpose of holding oral argument and determining the applicability of the Consultant Agreement's arbitration clause as it related to the dispute between Hartford Iron and August Mack. Guided by the federal district court's analysis, on March 2, 2017, the trial court ruled that because "Hartford Iron is pursuing claims under the [Consultant Agreement] as a third-party beneficiary," it is bound by its terms and "must arbitrate" its claims. *Id.* at 46, 45. In its ruling, the trial court ordered Hartford Iron to arbitrate its claims against August Mack but stayed "all proceedings in this cause"[3] pending the resolution of the federal district court's case.[4] *Id.* at 47. The trial court denied

---

[3] Hartford Iron had also brought claims against Valley Forge and seven other insurance companies. Only its claims against August Mack are premised on a third-party beneficiary theory.

[4] By March 2, 2017, all insurance companies, with the exception of Valley Forge, had been dismissed from the federal lawsuit. Surviving in the federal district court were two claims brought by Hartford Iron against Valley Forge. First, a misrepresentation claim against Valley Forge arising from the Second Settlement Agreement and second, a breach of contract claim in which Hartford Iron alleged that Valley Forge indirectly breached the Second Settlement Agreement through its subcontractors and consultants, including August Mack, who acted as Valley Forge's agents.

Hartford Iron's motion to enter final judgment on its order. Despite the trial court's mandate to proceed to arbitration, Hartford Iron did not initiate arbitration, nor did it pursue an interlocutory appeal.

[10] Years passed with minimal activity, the quasi-dormancy of the cause was punctuated only by notices to the trial court from August Mack regarding Hartford Iron's failure to comply with the arbitration order.[5] In 2023, six years after the trial court's order compelling arbitration, August Mack moved to dismiss Hartford Iron's claims under Indiana Trial Rule 41(E) for failure to prosecute. Challenging the motion, Hartford Iron contended that it could not be forced to proceed to arbitration because the remediation work was not yet finished and therefore its claims were not ripe. The trial court denied August Mack's motion to dismiss and directed the parties to brief whether the trial court or an arbitrator should determine the ripeness of Hartford Iron's claims.

[11] Finding the issue of ripeness to be subject to arbitration, the trial court reaffirmed its March 2017 order compelling arbitration on October 3, 2023. The trial court directed Hartford Iron to initiate arbitration within thirty days pursuant to its earlier order to arbitrate. The court cautioned that "[i]f Hartford Iron fails to initiate arbitration within that period, August Mack shall inform the Court, and the Court will schedule a hearing for the dismissal of Hartford

---

[5] August Mack notified the trial court that Hartford Iron failed to comply with the arbitration order on April 12, 2019, and September 2, 2022.

Iron's claims against August Mack with prejudice pursuant to Trial Rule 41(E)." *Appellant's App. Vol. 2* at 41-42.

[12] Rather than initiating arbitration, Hartford Iron filed a Notice of Voluntary Dismissal under Indiana Trial Rule 41(A)(1)(a) on October 27, 2023, and claimed that dismissal without prejudice was appropriate because August Mack had not yet answered its complaint or filed a motion for summary judgment. It stipulated that its claims were "not ripe for adjudication until the underlying environmental remediation . . . is complete as determined by IDEM" and suggested that Valley Forge might be "the real party in interest regarding the claims against August Mack[.]" *Id.* at 50, 49.

[13] In its written response dated November 10, 2023, August Mack objected that Hartford Iron's motion to voluntarily dismiss its claims without prejudice was inappropriate because for "more than nine years" Hartford Iron resorted to "dilatory procedural tactics that have unnecessarily exacerbated August Mack's legal expenses." *Appellant's App. Vol. 3* at 39. It pointed out that "Hartford Iron's stipulation that its claims are not ripe comes more than nine years after August Mack first moved to dismiss Hartford Iron's claims on this basis and seven years after the federal district court dismissed all of Hartford Iron's claims against several insurer defendants for lack of ripeness on these same grounds." *Id.* at 40-41. August Mack warned that "Hartford Iron has also indicated its intent to relitigate issues already resolved by the federal district court and this Court in any refiled litigation, subjecting August Mack to significant legal

prejudice." *Id* at 37. Specifically, August Mack explained that "Hartford Iron seeks the opportunity to refile against August Mack to restart a multi-year fight over arbitration and trigger new opportunities for interlocutory appeal because it failed to comply with the requirements of Indiana Appellate Rule 14(B)[6] to appeal this Court's Order to Arbitrate." *Id.* at 42. August Mack asked the trial court not to reward "Hartford Iron's defiance of the Court's orders and delayed decision to dismiss . . . with yet another bite at the apple in a future case[,]" and advocated for the case to be dismissed with prejudice pursuant to Trial Rule 41(A)(2). *Id.* at 42.

[14] On January 5, 2024, the trial court dismissed the case with prejudice. Finding voluntary dismissal pursuant to Trial Rule 41(A)(1)(a) inappropriate, the court concluded that

> [t]his lawsuit has been pending for nearly ten years and involved rounds of briefing and multiple hearings. August Mack has incurred substantial legal expenses since Hartford Iron initiated this litigation and permitting the future refiling of Hartford Iron's claims will subject August Mack to legal prejudice. On October 3, 2023, the Court ordered Hartford Iron to comply with the Court's March 2, 2017 Order compelling arbitration or its claims would be subject to dismissal with prejudice. Hartford Iron has not initiated arbitration and now instead stipulates:

---

[6] Indiana Appellate Rule 14(B) governs the requirements for discretionary interlocutory appeals.

- "[F]or purposes of this Notice, [Hartford Iron stipulates] that its claims against August Mack . . . are not ripe for adjudication until the underlying environmental remediation at the Hartford Iron site is complete as determined by IDEM."

- Hartford Iron "may not be the real party in interest regarding the claims against August Mack, when the underlying remediation is complete . . ."

- "[A]rbitration at this time is an essentially futile step, given the lack of a present justiciable controversy . . ."

Given these admissions and the lengthy pendency of this lawsuit, the Court orders pursuant to Trial Rule 41(A)(2) that Hartford Iron's claims against August Mack are hereby dismissed **WITH PREJUDICE.**

*Appellant's App. Vol. 2* at 39-40 (emphasis in original).

[15] August Mack moved the trial court to enter final judgment on Hartford Iron's claims pursuant to Trial Rule 54(B). Finding there was no just reason for delay, the trial court granted August Mack's motion on May 30, 2024, and entered final judgment in favor of August Mack and against Hartford Iron as to all of Hartford Iron's claims. Hartford Iron appeals.

## Discussion and Decision

[16] Despite the voluminous record and the parallel federal litigation, the dispositive issue before us is simple: does Indiana law provide a trial court with discretion to dismiss a case with prejudice after a party fails to comply with a court order

and then petitions the trial court to voluntarily dismiss its claims without prejudice pursuant to Indiana Trial Rule 41(A)(1)(a)?

[17] We review the trial court's decision on a motion for voluntary dismissal under an abuse of discretion standard. *Principal Life Ins. Co. v. Needler*, 816 N.E.2d 499, 502 (Ind. Ct. App. 2004). Judicial discretion is a judge's privilege to decide and act in accordance with what is fair and equitable within the confines of justice, in light of and confined to the facts and circumstances of a particular case. *Cloyd v. Pasternak*, 791 N.E.2d 757, 759 (Ind. Ct. App. 2003). "An abuse of discretion occurs when the decision misinterprets the law or clearly contravenes the logic and effect of the facts and circumstances before the court." *Smith v. Franklin Twp Cmty. Sch. Corp.*, 151 N.E.3d 271, 273 (Ind. 2020).

## 1. Indiana Trial Rule 41(A)(1)

[18] After initiating this lawsuit against August Mack on May 22, 2014, Hartford Iron moved to voluntarily dismiss its claims without prejudice almost ten years later. In support of its motion, Hartford Iron relied on Indiana Trial Rule 41(A)(1), which provides that:

> *By Plaintiff—By Stipulation*. Subject to contrary provisions of these rules or of any statute, an action may be dismissed by the plaintiff without order of court:
>
> by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs[.]

by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. The provisions of this subdivision shall not apply if the plaintiff in such action could not effectuate service of process, or otherwise procure adjudication on the merits.

Because August Mack readily admits that it "never filed an answer" or a motion for summary judgment, Hartford Iron contends it complied with the requirements of the rule. *Appellee's Br*. at 48. Characterizing the provision as a "model of bright-line clarity" leaving no room for interpretation, Hartford Iron claims nothing more is required for the rule to take effect and the cause to be voluntarily dismissed without prejudice. *Appellant's Br*. at 18.

[19] "The purpose of the rule pertaining to the voluntary dismissal of an action was to eliminate evils resulting from the absolute right of a plaintiff to take a voluntary nonsuit at any stage in the proceedings before the pronouncement of judgment and after the defendant had incurred substantial expense or acquired substantial rights." *Rose v. Rose,* 526 N.E.2d 231, 234 (Ind. Ct. App. 1988), *trans. denied.* Contrary to Hartford Iron's argument on the self-executing nature of the trial rule, the opening clause of Trial Rule 41(A)(1)—"[s]ubject to contrary provisions of these rules"— "makes it clear that there is no absolute

right to [voluntarily] dismiss[.]" *State ex rel. City of New Haven v. Allen Superior Ct.*, 699 N.E.2d 1134, 1136 (Ind. 1998).

Moreover, the absence of an answer or motion for summary judgment aside, Hartford Iron was not entitled to voluntary dismissal without a court order pursuant to Indiana Trial Rule 41(A)(1)(a). In *Rose*, we stated:

> Where a hearing has been conducted on an issue which goes to the merits of the controversy, voluntary dismissal is inappropriate [under T.R. 41(A)(1)(a)]. *Harvey [Aluminum, Inc. v. Am. Cyanamid Co.*], 203 F.2d [105,] 107 [(2nd Cir. 1953), *cert. denied*, 345 U.S. 964 (1953)]. In *Harvey*, a hearing on the plaintiff's motion for a preliminary injunction prohibiting the sale of assets pending determination of the plaintiff's suit for specific performance squarely raised the merits of the controversies. This hearing required several days of testimony and produced a 420 page record. *Id*. The court held that under these circumstances, allowing a voluntary dismissal, though attempted prior to any answer or motion for summary judgment was filed, would not be in accord with the essential purpose of rule 41(a). *Id.* at 108. Therefore, despite the fact that no responsive pleading was filed in the present case, the trial court was free to determine that the proceedings had progressed to the stage where allowing a voluntary dismissal would violate the purpose of the rule and would result in legal prejudice to David Rose.

*Rose*, 526 N.E.2d at 235 (footnotes omitted); *see also Principal Life Ins. Co.*, 816 N.E.2d at 503 ("[T]his court has held that where a hearing has been conducted on an issue that goes to the merits of the controversy, voluntary dismissal is inappropriate"); *Finke v. Northern Indiana Public Service Co.,* 862 N.E.2d 266, 271

(Ind. Ct. App. 2006) ("[T]he Finkes were not entitled to voluntary dismissal without court order pursuant to T.R. 41(A)(1)(a)" because an evidentiary hearing addressing the merits of the controversy had already occurred), *trans denied*.

[21] Similarly, here, the case had been pending for almost ten years when Hartford Iron filed its notice of voluntary dismissal. Years earlier, on January 26, 2017, the trial court conducted a hearing addressing the enforceability of the arbitration clause, which is at the heart of this litigation as all the claims "arising out of the contract itself . . . fall[] within the terms of the arbitration provision" and determine the trial court's jurisdiction. *Appellant's App. Vol. 2* at 88. As a result of the hearing, the trial court issued an order compelling arbitration. Therefore, the trial court did not abuse its discretion in refusing to grant Hartford Iron's motion for voluntary dismissal without prejudice pursuant to Indiana Trial Rule 41(A)(1)(a) because an evidentiary hearing had been held on the merits and the proceedings had progressed to a stage where allowing a voluntary dismissal without a court order would violate the purpose of the rule.

## 2. Indiana Trial Rule 41(A)(2)

[22] Accordingly, we turn our attention to the second subclause of Trial Rule 41(A), which the trial court relied on in its order and which states, in pertinent part, that:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this subsection is without prejudice.

T.R. 41(A)(2).

[23] "Generally, dismissals should be allowed unless the defendant will suffer some legal prejudice other than the mere prospect of a second lawsuit." *Rose*, 526 N.E. 2d 234. Although case law does not precisely define 'legal prejudice,' legal prejudice has been found when actual legal rights are threatened or when monetary or other burdens appear to be extreme or unreasonable.

> [T]he factors most commonly considered on a motion for a voluntary dismissal are: (1) the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial, (2) the plaintiff's diligence in prosecuting the action or in bringing the motion, (3) the duplicative expense of relitigation, and (4) the adequacy of plaintiff's explanation for the need to dismiss. Other factors that have been cited include whether the motion is made after the defendant has made a dispositive motion or at some other critical juncture in the case and any vexatious conduct or bad faith on plaintiff's part.

*Principal Life Ins. Co.*, 816 N.E.2d at 503 (quoting 8 *Moore's Federal Practice* § 41.40[6], pp. 41-140—41-142 (3d ed.2003)). "This list of considerations is not exhaustive." *Id*. Although the primary purpose of requiring a court order before allowing dismissal under Trial Rule 41(A)(2) is to protect the interests of

the defendant, "the court should weigh the equities and do justice to all the parties in the case." *Id.* at 505 (citing *Moore's* § 41.40[5][a], p. 41–135).

[24]   For much of its lifespan, this case was stayed at the request of Hartford Iron to pursue the related federal litigation. Hartford Iron's federal claims against August Mack were relatively short-lived, but August Mack nevertheless incurred the expense of defending against Hartford Iron's third-party claims until the federal district court dismissed the case for improper venue on May 12, 2016.

[25]   With its claims against August Mack dismissed in the federal arena, Hartford Iron turned its sights to the trial court where August Mack filed a motion to dismiss Hartford Iron's claims and to compel it to arbitrate its claim pursuant to the arbitration clause in the Consultant Agreement. The January 26, 2017 hearing on the motion resulted in an unequivocal order that Hartford Iron was "required to proceed in arbitration" on its claims against August Mack. *Appellant's App. Vol. 2* at 45. The trial court stayed the proceedings against the insurance parties pending final resolution in the federal litigation.

[26]   For more than six years, Hartford Iron made no attempt to initiate arbitration proceedings despite being ordered to do so and August Mack's repeated notifications to the trial court of Hartford Iron's noncompliance. *See Principal Life Ins. Co.,* 816 N.E.2d at 503 (A plaintiff's diligence in prosecuting the action

is a relevant consideration in determining whether voluntary dismissal is appropriate.)

[27] In 2023, the proceedings finally picked up speed again when August Mack threw down the gauntlet by filing its motion to dismiss Hartford Iron's claims under Indiana Trial Rule 41(E) for failure to prosecute. Responding with a new twist, Hartford Iron for the first time stipulated that it was prevented from arbitrating because its claims may not be ripe. After determining ripeness to be subject to arbitration, the trial court, on October 3, 2023, reaffirmed its March 2017 order and again compelled the parties to arbitration. This time, the trial court's order resolutely warned Hartford Iron to initiate arbitration proceedings within thirty days or Hartford Iron's claims against August Mack could be dismissed "with prejudice pursuant to Trial Rule 41(E)." *Appellant's App. Vol. 2* at 42.

[28] That same month, and faced with the possibility that its claims could be dismissed with prejudice, Hartford Iron attempted to circumvent its responsibility to initiate arbitration and instead filed a notice of voluntary dismissal without prejudice. In contravention of the trial court's conclusion that ripeness should be litigated in the arbitration proceedings, Hartford Iron again renewed its argument that its claims would not be ripe "until the underlying environmental remediation at Hartford Iron site is complete" and that, even then, it "may not be the real party in interest" and thus "arbitration would be an essentially futile step." *Id.* at 50.

[29] By requesting a voluntary dismissal without prejudice after ten years, Hartford Iron sought to avoid being forced into arbitration by the trial court. If Hartford Iron was successful, its request would have nullified the ongoing litigation—including the order to arbitrate—while allowing it to retain the possibility of refiling the case in the future under more favorable circumstances and to relitigate the issue of arbitration for a **sixth** time.

[30] Hartford Iron's justifications supporting its motion to voluntarily dismiss without prejudice are mere red herrings. If Hartford Iron was truly concerned about the ripeness of its claims, it could have obeyed the trial court's order and sought that determination in arbitration. Also unpersuasive is Hartford Iron's attempt to escape responsibility for its refusal to submit to arbitration by claiming that the trial court's March 2, 2017 stay of the proceedings included a stay of the arbitration with August Mack. Following that very order, Hartford Iron filed a motion for entry of judgment pursuant to Indiana Rule 54(B) in which Hartford Iron acknowledged and accepted the ongoing nature of the order to arbitrate. It acknowledged that "[t]he Court in this case found that *all* of Hartford Iron's claims against August Mack must proceed in arbitration, and the Court stayed *all other proceedings* in this cause pending final resolution of the Federal Lawsuit." *Appellee's App. Vol. 3* at 185 (second emphasis added). Additionally, Hartford Iron admitted that "there is no further question to be determined on that issue" of arbitration and understood that if the trial court

denied the motion, the parties would be required to proceed to arbitration. *Id.* at 186.

[31] "'Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. [The adverse party] should not be left with a lawsuit hanging over his [or her] head indefinitely.'" *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003) (quoting *Hill v. Duckworth*, 679 N.E.2d 938, 939-40 (Ind. Ct. App. 1997)), *trans. denied*. The trial court was well within its discretion to dismiss Hartford Iron's claims with prejudice given August Mack's substantial litigation costs already incurred, the significant lengthy procedural history on claims that Hartford Iron suddenly represented were never ripe, its repeated and documented noncompliance with the trial court's order to initiate arbitration, and the fact that Hartford Iron only filed its notice of voluntary dismissal without prejudice when faced with an impending dismissal with prejudice leaving August Mack subject to future, relentless litigation. *See Highland Realty, Inc. v. Indianapolis Airport Auth.*, 563 N.E.2d 1271, 1273 (Ind. 1990) (noting that where litigation has been long and costly, a dismissal with prejudice is "simply a means of protecting the defendant from the consequences of the plaintiff's choice to run up the legal services bill, then walk away and wait for a better day to refile its suit").

## Conclusion

[32] Finding no abuse of discretion, we affirm the trial court's dismissal of Hartford Iron's claims with prejudice.

Affirmed.


May, J., and Tavitas, J., concur.


ATTORNEY FOR APPELLANT HARTFORD IRON & METAL, INC.

Mark Shere
Shere & Shere, LLP
Indianapolis, Indiana


ATTORNEYS FOR APPELLEES AUGUST MACK ENVIRONMENTAL, INC., AND ENVIRONMENTAL FIELD SERVICES, INC.

Todd G. Relue
Alexandra Wilson Pantos
Krieg DeVault LLP
Carmel, Indiana


ATTORNEY FOR APPELLEE FIREMAN'S FUND INSURANCE COMPANY

Bradford S. Moyer
Plunkett Cooney
Indianapolis, Indiana


ATTORNEY FOR APPELLEES CONTINENTAL CASUALTY COMPANY, CONTINENTAL INSURANCE COMPANY, TRANSCONTINENTAL INSURANCE COMPANY, AND VALLEY FORGE INSURANCE COMPANY

Dennis F. Cantrell
Stoll Keenon Ogden PLLC
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE WESTERN WORLD INSURANCE COMPANY

Scott A. Harkness
Thomas B. Bays
Norris Choplin Schroeder LLP
Indianapolis, Indiana